DONNA FOOTE et al., Respondents, v WILLIAM F. PICINICH, Appellant.

Third Department, July 3, 1986

## APPEARANCES OF COUNSEL

*Levene, Gouldin & Thompson (Michael R. Wright* of counsel), for appellant.

*Orseck, Orseck & Greenberg (Gerald Orseck* of counsel), for respondents.

## OPINION OF THE COURT

MIKOLL, J.

Plaintiff Donna Foote (hereinafter plaintiff) was treated by defendant, a licensed chiropractor, from February 1981 until sometime in May 1982. Her final treatment apparently included some manipulation of her back. Service of a summons and complaint was effected on May 3, 1985. The complaint alleged that on May 10, 1982 and on a number of prior occasions, defendant provided chiropractic service and chiropractic manipulations for and to plaintiff and that defendant was negligent in the manner in which he rendered treatment and performed the manipulations. The complaint also alleged that, as a result, plaintiff sustained enhanced injuries resulting in the need for medical treatment, "such enhanced injuries being permanent in nature". A derivative cause of action was also stated on behalf of plaintiff's husband. In his answer, defendant asserted as an affirmative defense that plaintiff's action was barred by the 2½ year Statute of Limitations governing actions for medical malpractice contained in CPLR 214-a. Defendant's subsequent motion for summary judgment dismissing the complaint as time barred was denied. Special Term held that the action was not time barred since the three-year statutory period in CPLR 214 (6) applied. This appeal followed.

There should be an affirmance, but for different reasons than those stated in the decision of Special Term. The result reached by Special Term was correct since, under the Court of Appeals holding in *Bleiler v Bodnar* (65 NY2d 65), the instant case presents a factual question as to whether defendant's services constituted medical treatment.

CPLR 214-a states in part that "[a]n action for medical or dental malpractice must be commenced within two years and six months of the act * * * complained of". Education Law

§§ 6520, 6522 and 6524 implicitly exclude a chiropractor from the use of the title "physician" and from the concept of practicing medicine as defined by Education Law § 6521, i.e., as "diagnosing, treating, operating or prescribing for any human disease, pain, injury, deformity or physical condition". This suggests that the term "medical malpractice" refers only to the practice of medicine and that a chiropractor would not appear to be entitled to assert the shorter period of limitations contained in CPLR 214-a.

However, the Court of Appeals has held that a nurse is legally capable of committing medical malpractice *(Bleiler v Bodnar, supra,* p 71, citing *Bambert v Central Gen. Hosp.,* 77 AD2d 559, *affd* 53 NY2d 656) and stated further that the law amending CPLR 214-a and Judiciary Law § 148-a (L 1975, ch 109, §§ 6, 15) recognized that a nurse could commit medical malpractice, since the law required all insurance companies issuing professional medical malpractice insurance "to file reports of 'all claims for medical malpractice' made against any 'physician, nurse, hospital or other person or institution' (Insurance Law [former] § 335 [2] [a]; L 1975, ch 109, § 2)" *(Bleiler v Bodnar, supra,* p 71).* The court continued: "Obviously, not every negligent act of a nurse would be medical malpractice, but a negligent act or omission by a nurse that constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician constitutes malpractice" *(supra,* at p 72).

Applying the reasoning of *Bleiler (supra),* it would appear that a chiropractor is an "other person" under the language of Insurance Law § 315 (c) (1) (as amended and renum by L 1984, ch 367). Consequently, if defendant's services constituted "medical treatment" or bore "a substantial relationship to the rendition of medical treatment by a licensed physician", the causes of action alleged in the complaint would be barred by CPLR 214-a. Plaintiff's motion papers claim that defendant's services did not constitute "medical treatment", while defendant's affidavits in support of the motion assert that they did. Thus, a question of fact is presented and the result reached by Special Term was proper.

---

* Insurance Law § 335 (2) (a) was amended and renumbered Insurance Law § 315 (c) (1) in 1984 (L 1984, ch 367, eff Sept. 1, 1984).

MAHONEY, P. J., MAIN, YESAWICH, JR., and LEVINE, JJ., concur.

Order affirmed, without costs.