■ MORRIS CHAFF, Appellant, v PARKWAY HOSPITAL et al., Respondents. [613 NYS2d 237] —In a medical malpractice action, the plaintiff appeals from an order of the Supreme Court, Queens County (Smith, J.), dated July 8, 1992, which granted the separate motions of the defendants to dismiss the complaint as barred by the Statute of Limitations and denied his cross motion for leave to serve an amended complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

On January 2, 1989, Licia Chaff, the decedent, was admitted to Parkway Hospital by a nonparty private physician for the treatment of pulmonary edema, pneumonia, pulmonary embo-

lism, congestive heart failure, atrial fibrillation, staphylococcal bacteremia, urinary tract infection, and deep vein thrombosis. While undergoing an X-ray procedure performed by the codefendant Dr. Bernard Pollack, the decedent sustained a fractured right hip after falling off the examination table. The decedent was discharged from the hospital on February 14, 1989.

On February 28, 1989, the decedent was readmitted to the hospital for treatment of congestive heart failure with pleural effusion, arthrosclerotic heart disease, pneumonia, and chronic obstructive pulmonary disease. On March 14, 1989, a routine request for an X-ray, made by the decedent's nonparty treating physician, was made to determine the status of the hip. This X-ray was never taken because the decedent died on March 15, 1989.

By complaint dated September 6, 1991, it was alleged that the decedent fell off an examining table on or about January 28, 1989, and suffered a fractured right hip as a result of the reckless indifference and negligence of the defendant hospital and the codefendant Dr. Pollack. It was also alleged that the defendants failed to offer the decedent the degree of care customarily offered to hospital patients under the same or similar circumstances and had ignored and failed to provide for or to attend to the needs of the decedent.

On appeal, the first question to be determined is whether the action sounds in medical malpractice or in simple negligence for purposes of deciding which Statute of Limitations applies. The critical factor is the nature of the duty owed to the decedent which the defendants are alleged to have breached. When the duty arises from the physician-patient relationship or is substantially related to medical treatment, the breach gives rise to an action sounding in medical malpractice, not simple negligence *(see, Stanley v Lebetkin,* 123 AD2d 854). Here, the decedent fell off an examining table while under the supervision of the defendant Dr. Pollack during an X-ray examination. The incident arose out of the physician-patient relationship between the decedent and Dr. Pollack and occurred during the course of a procedure substantially related to medical treatment. Accordingly, the action sounds in medical malpractice for which the two and one-half year Statute of Limitations *(see,* CPLR 214-a) is applicable *(see, Scott v Uljanov,* 74 NY2d 673).

We further find that the "continuous treatment" of the decedent ended on February 14, 1989, when she was first

discharged from the hospital. The continuous treatment doctrine applies " ' "when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint" ' " *(Nykorchuck v Henriques,* 78 NY2d 255, 258, quoting *Borgia v City of New York,* 12 NY2d 151, 155). There is no evidence that the treatment during her second stay in the hospital was related to her broken hip, nor is there evidence of an agency or other relation between the nonparty treating physician and the defendant Dr. Pollack to warrant an extension of the Statute of Limitations as against the hospital and the defendant physician *(see, Meath v Mishrick,* 68 NY2d 992). Since the two and one-half year period of limitations expired on or about August 14, 1991, the complaint, which was served in September 1991, was properly dismissed as time-barred.

The recent decision of the Appellate Division, Third Department in *Swift v Colman* (196 AD2d 150), relied upon by the plaintiff, does not require a different result in this case. Unlike the situation in the case at bar, in *Swift* there was sufficient evidence that further treatment relating to the original act of malpractice was explicitly anticipated by both the defendant doctor and the plaintiff and that a continuous relationship of trust and confidence existed so as to warrant submitting the issue of the Statute of Limitations to the jury. Thus, *Swift* is inapplicable to the instant situation.

We also find that the alleged breach of contract claim is " 'merely a redundant pleading of [the] plaintiff's [medical] malpractice claim in another guise, an attempt to plead as a contract action one which is essentially a malpractice action' " *(Mitchell v Spataro,* 89 AD2d 599). The plaintiff's wrongful death action is also time-barred *(see,* EPTL 5-4.1).

We have considered the plaintiff's remaining contentions and find them to be without merit. Balletta, J. P., O'Brien, Ritter and Florio, JJ., concur.