■ ROSALYN HUGGINS et al., Respondents, v JOSEPH GREENBLATT et al., Appellants, et al., Defendants. [634 NYS2d 517] —In

an action to set aside two mortgages and to recover damages, *inter alia,* for breach of contract, negligent hiring and supervision, and the infliction of emotional distress, the defendants Joseph Greenblatt, Max Greenblatt, and Executive Funding Corporation appeal from an order of the Supreme Court, Queens County (Rutledge, J.), dated May 16, 1994, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as it is asserted against them, which was treated by the court as a motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is modified by deleting the provision thereof denying the appellants' motion for summary judgment dismissing the causes of action to set aside the mortgages and to recover damages for the infliction of emotional distress insofar as they are asserted against the appellants and substituting therefor a provision granting the motion and dismissing those causes of action insofar as they are asserted against the appellants; as so modified, the order is affirmed, without costs or disbursements.

There are questions of fact that preclude the granting of summary judgment dismissing the causes of action to recover damages for breach of contract and negligent hiring and supervision insofar as those causes of action are asserted against the appellants. The questions of fact are: (1) whether the appellants contracted with the remaining defendants to repair the plaintiffs' house and (2) whether the appellants conditioned the procurement of the mortgage loans on the hiring of the remaining defendants.

The appellants are entitled to summary judgment dismissing the cause of action to set aside the mortgages on the grounds of misrepresentation and usury because the appellants are brokers and not lenders. Thus, they are not proper parties to that cause of action *(see,* General Obligations Law §§ 5-501, 5-511).

The appellants are also entitled to summary judgment dismissing the cause of action to recover damages for the infliction of emotional distress because the appellants' alleged conduct "does not rise to a level of 'extreme outrage', nor does it exceed 'all bounds usually tolerated by decent society' " *(Green v Liebowitz,* 118 AD2d 756, 757). Mangano, P. J., Balletta, Copertino and Hart, JJ., concur.