■ RODNEY JOYNER, as Administrator of the Estate of OLGA BRUNSON, Deceased, Appellant, v VISITING NURSE SERVICE OF NEW YORK et al., Respondents. [679 NYS2d 81] —In an action to recover damages for malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated July 29, 1997, which granted the motion of the defendant Louis DePasquale to dismiss the complaint pursuant to CPLR 3211 (a) (5) and the motion of the defendants Visiting Nurse Service of New York and Visiting Nurse Service of New York Home Care for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

We agree with the Supreme Court that the two and one-half year limitations period set forth in CPLR 214-a is applicable to the allegedly negligent acts committed by the defendant Louis DePasquale, a physical therapist who provided therapy treatments prescribed by the physician who treated the plaintiff's decedent (*see, Bleiler v Bodnar,* 65 NY2d 65, 70-71; *cf., Karasek v LaJoie,* 92 NY2d 171; *cf., Foote v Picinich,* 118 AD2d 156; *cf., Weiner v Lenox Hill Hosp.,* 88 NY2d 784).

The court properly dismissed the plaintiff's cause of action to recover damages for negligent hiring (*see, Sanchez v United Rental Equip. Co.,* 246 AD2d 524; *Ray v County of Delaware,* 239 AD2d 755; *Huggins v Greenblatt,* 222 AD2d 404; *SantaMarina v Citrynell,* 203 AD2d 57; *cf., Karoon v New York City Tr. Auth.,* 241 AD2d 323; *see, Bamonte v Yonkers Constr. Co.,* 249 AD2d 348). Bracken, J. P., Ritter, Thompson and Krausman, JJ., concur.