■ OLYMPIA LIPPERT, Appellant, v EDWARDO YAMBO, Respondent. [700 NYS2d 848] —In a medical malpractice action, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated February 9, 1999, which granted the defendant's motion to dismiss the complaint as barred by the Statute of Limitations.

Ordered that the order is affirmed, with costs.

The complaint dated January 29, 1998, alleged that the plaintiff sustained personal injuries when, "by reason of the carelessness, negligence and unskillfulness" of the defendant doctor, the plaintiff, after being treated by the defendant, was placed "in the care of a totally unskilled person" who left her unattended in the treatment room.

The sole issue to be determined on appeal is whether the action sounds in medical malpractice or in simple negligence for purposes of determining the applicable Statute of Limitations. The critical factor is the nature of the duty owed to the plaintiff that the defendant is alleged to have breached. When the duty arises from the physician-patient relationship or is substantially related to medical treatment, the breach gives rise to an action sounding in medical malpractice, not simple negligence (*see, Chaff v Parkway Hosp.,* 205 AD2d 571).

The incident arose out of the physician-patient relationship. Moreover, the duty owed to the plaintiff in the aftermath of medical treatment derived from the same duty owed as a result of the doctor-patient relationship (*see, Stanley v Lebetkin,* 123 AD2d 854).

Accordingly, the Supreme Court properly determined that

the action sounds in medical malpractice for which the two and one-half year Statute of Limitations is applicable (*see*, CPLR 214-a; *Scott v Uljanov*, 74 NY2d 673). Ritter, J. P., Joy, McGinity and Smith, JJ., concur.