■ Eric Mendelson et al., Appellants, v Clarkstown Medical Associates, P. C., et al., Respondents. [707 NYS2d 638] —In an action, *inter alia,* to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Weiner, J.), dated June 10, 1999, which granted the defendants' motion for summary judgment dismissing the complaint as barred by the Statute of Limitations, and denied their cross motion to dismiss the affirmative defense of the Statute of Limitations.

Ordered that the order is affirmed, with costs.

The plaintiffs' contention that the action sounded in simple negligence rather than medical malpractice, and is therefore subject to the three-year Statute of Limitations of CPLR 214, is without merit. In determining whether an action sounds in medical malpractice or in simple negligence for purposes of determining the applicable Statute of Limitations, the critical factor is the nature of the duty owed to the plaintiff that the defendant is alleged to have breached. When the duty arises from the physician-patient relationship or is substantially related to medical treatment, the breach gives rise to an action sounding in medical malpractice, not simple negligence (*see, Lippert v Yambo,* 267 AD2d 433; *Chaff v Parkway Hosp.,* 205

AD2d 571). The incident complained of here arose from the physician-patient relationship and was substantially related to medical treatment. In addition, since the cause of action accrued at the time of the commission of the alleged malpractice, the Supreme Court properly determined that the action was barred by the two-year and six-month Statute of Limitations (*see,* CPLR 214-a). Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.