■ SANDRA WAHLER et al., Respondents, v LOCKPORT PHYSI-CAL THERAPY et al., Appellants. [713 NYS2d 405] —Order unani-mously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Sandra Wahler (plaintiff) was referred by her physician to defendant Lockport Physical Therapy (LPT) for treatment of a shoulder condition. One of the forms of therapy administered by defendant Vincent A. Rosselli, a licensed physical therapist and partner in LPT, involved the use of a wall-mounted pulley device. Plaintiff would sit in a chair with her back to the pulley device and raise and lower her extended arms while holding the weighted pulley ropes. Plaintiff was injured on June 16, 1994 when her chair fell backward as she was pulling forward on the pulley ropes.

Plaintiffs commenced this negligence action against LPT and its principals on February 11, 1997. Plaintiffs' bill of particulars specifies that defendants' negligence consisted of "failing to insure" that the chair in which plaintiff was seated while using the wall-mounted pulley device "was adequately secured or positioned". After joinder of issue, defendants moved for sum-mary judgment dismissing the complaint on the ground that the action was not commenced within the limitations period of two years and six months governing medical malpractice ac-tions (CPLR 214-a). Supreme Court erred in denying that mo-tion. We agree with defendants that CPLR 214-a applies to malpractice claims against physical therapists and that, because plaintiffs' action sounds in malpractice rather than negligence, it is time-barred.

"[I]n the area of somatic health care, professionals other

than licensed physicians may be liable for 'medical malpractice' within the meaning of CPLR 214-a" (*Karasek v LaJoie*, 92 NY2d 171, 177; *see, Bleiler v Bodnar*, 65 NY2d 65, 72). Physical therapists, who are professionals licensed pursuant to Education Law article 136, may be liable for medical malpractice within the meaning of CPLR 214-a if the alleged negligent act or omission amounts to "medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician" (*Bleiler v Bodnar, supra*, at 72; *see, Joyner v Visiting Nurse Serv.*, 254 AD2d 394, *lv denied* 93 NY2d 801; *cf., Karasek v LaJoie, supra*, at 177).

Contrary to the contention of plaintiffs, their action sounds in medical malpractice rather than negligence. The record establishes that the physical therapist determines the placement of the chair in conjunction with the pulley device based on the physical requirements of the individual patient, and that the chair's falling backward was directly related to plaintiff's use of the pulley device. Thus, the alleged negligent conduct "constituted an integral part of the process of rendering medical treatment" to plaintiff and therefore must be characterized as malpractice (*Scott v Uljanov*, 74 NY2d 673, 675; *see, Bleiler v Bodnar, supra*, at 72; *Smee v Sisters of Charity Hosp.*, 210 AD2d 966, 967; *Rice v Vandenebossche*, 185 AD2d 336; *cf., Weiner v Lenox Hill Hosp.*, 88 NY2d 784, 787-788). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Lawton, JJ.