■ CHARLES DISPENZIERI, Respondent, v HILLSIDE PSYCHIATRIC HOSPITAL et al., Appellants. [724 NYS2d 203] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Golar, J.), dated July 6, 2000, which denied their motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is affirmed, with costs.

On August 24, 1995, the plaintiff was admitted to the defendant Hillside Psychiatric Hospital several days after attempting to commit suicide by taking an overdose of prescription medication. The plaintiff reported his suicide attempt to the admitting staff, and stated that he continued to experience suicidal ideation. On September 2, 1995, the plaintiff jumped from a second-floor window in the facility, and allegedly sustained, *inter alia,* a broken ankle. He commenced this action in June 1998 by filing a summons and verified complaint. The gravamen of the complaint is that the defendants were negligent in "permitting plaintiff to remain unattended, unobserved, and unguarded." The defendants made a pre-answer motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that the action was barred by the 2½ year Statute of Limitations set forth in CPLR 214-a for medical malpractice actions.

A claim sounds in medical malpractice when the challenged conduct constitutes medical treatment or bears a substantial relationship to medical treatment rendered by a licensed physician (*see, Weiner v Lenox Hill Hosp.,* 88 NY2d 784, 788). However, when the gravamen of the complaint is not negligence in furnishing medical treatment to a patient, but rather a hospital's failure to fulfill a different duty, the claim sounds in negligence (*see, Weiner v Lenox Hill Hosp., supra*). Whether the defendants breached their duty to exercise due care in their efforts to guard the plaintiff and to prevent another suicide attempt does not depend on an analysis of any medical

treatment rendered by the defendants to the plaintiff. Accordingly, the three-year Statute of Limitations set forth in CPLR 214 for claims of ordinary negligence applies. Therefore, the action is not time-barred and the motion to dismiss the complaint was properly denied. O'Brien, J. P., Krausman, Goldstein, Schmidt and Crane, JJ., concur.