OPINION OF THE COURT
Eileen Bransten, J.
Motion Nos. 3 and 4 on the court’s September 25, 2001 calendar are consolidated for disposition. In motion No. 3, defendant Madison Avenue Physical Therapy, P.C. (Madison Avenue) moves to dismiss the action as against it, on the grounds *548 that, as a matter of law, plaintiff Karen Censki (Censki) cannot establish that Madison Avenue departed from good and acceptable physical therapy procedure. Defendant Victor Sasson, M.D., also originally cross-moved for the same relief, on the same grounds; however, the parties subsequently stipulated to dismiss all claims against Dr. Sasson, with prejudice and without costs to any party. Accordingly, Dr. Sasson’s cross motion is moot.
In motion No. 4, Madison Avenue moves to preclude Censki’s expert from testifying at trial on the ground that Censki allegedly failed to comply with CPLR 3101 (d). Madison Avenue also seeks to preclude Censki’s treating physicians from testifying, arguing that Censki has not complied with CPLR 3101 (d) and has not provided their reports pursuant to 22 NYCRR 202.17.
This is a physical therapy malpractice action. After surgery performed by Dr. Sasson to repair a torn ACL to her left knee, Censki was referred to Madison Avenue for post-surgery physical therapy. Censki testified at her deposition that, while she was doing weight bearing exercises on a leg press, she heard her knee “pop” and it began to hurt. She further testified that an assistant at Madison Avenue told her that the popping noise was related to scar tissue around her knee. Soon after, Censki discovered that she suffered a fractured patella of her left knee while undergoing physical therapy at Madison Avenue.
Censki alleges that her physical therapist at Madison Avenue — Tzvi Barak, P.T., Ph.D. — departed from acceptable standards of physical therapy care by, among other things, (1) ordering her to begin weight bearing exercises too soon after surgery, (2) placing too much weight on the weight bearing machine, (3) failing to properly supervise her physical therapy regimen, and (4) based on his assistant erroneously informing her that the knee pain was related to scar tissue.
Summary Judgment
In support of its motion for summary judgment, Madison Avenue relies primarily on Barak’s affidavit and deposition testimony. Barak states that, when Dr. Sasson referred Censki to him for physical therapy, Dr. Sasson gave no special instructions, except that Barak follow the “ACL protocol.” (See, Barak affidavit 3.) Barak further states that, in overseeing Censki’s physical therapy regimen, he followed the physical therapy protocol developed by Beth Israel Medical Center.
Pursuant to the Beth Israel protocol, weight bearing exercises, with weights between 10% and 50% of the patient’s *549 body weight, are permissible during the second week after ACL repair surgery. Barak states that, in accordance with the Beth Israel protocol, on March 12, 1999, during her second week of physical therapy, he directed Censki to perform weight bearing exercises on a leg press, setting the leg press at close to 50% of Censki’s body weight. Barak further states that he directed Censki to continue using the leg press at two subsequent visits, on March 15, 1999 and March 19, 1999. However, on Censki’s next visit, on March 22, 1999 she had pain and swelling in her knee, which continued during her March 24, 1999 visit as well. Censki did not return to Madison Avenue after the March 24, 1999 visit.
Barak concludes that, because Censki cannot show that he departed from the Beth Israel protocol, he cannot be held liable for physical therapy malpractice as a matter of law.
In opposition to the summary judgment motion, Censki submits the affidavit of an unidentified expert. In the affidavit, the expert states that based upon review of Censki’s medical records and other documents exchanged during discovery, Barak deviated from good and acceptable physical therapy practice by setting the weight bearing resistence of the leg press at close to 50% of her body weight the first time he directed her to use the leg press. Censki’s expert further opines that Barak also deviated from good and acceptable physical therapy practice by not personally supervising Censki’s use of the leg press, and instead permitting an assistant to supervise her.
As in all other types of actions, the proponent of a summary judgment motion in a medical malpractice case has the burden of making a prima facie showing of entitlement to judgment as a matter of law. (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986].) Once the movant has made this showing, the burden shifts to the opponent of summary judgment to show, by competent evidence, that there is a material issue of fact as to whether the physician was negligent. (Id.) If the nonmovant submits an affidavit from a competent expert showing the existence of a triable issue of fact as to whether defendant committed medical malpractice, the summary judgment motion must be denied. (See, Dellert v Kramer, 280 AD2d 438 [1st Dept 2001]; Morrison v Altman, 278 AD2d 135 [1st Dept 2000]; Avacato v Mount Sinai Med. Ctr., 277 AD2d 32 [1st Dept 2000].)
Here, the court finds that Censki’s expert’s affidavit is sufficient to raise a material issue of fact as to whether Barak deviated from good and acceptable physical therapy practice by *550 setting the leg press at close to 50% of Censki’s body weight the first time that she used the leg press, and by failing to personally supervise her use of the leg press at her visits to Madison Avenue.
Expert Disclosure
Madison Avenue next argues that because Censki failed to disclose the identity and certain qualifications of her expert pursuant to CPLR 3101 (d), the expert should be precluded from testifying at trial. Madison Avenue further urges that the testimony of Dr. Browne and Dr. Kelly — Censki’s “treating physicians” — should be precluded as well: first, because Censki failed to set forth in reasonable detail their qualifications as well as the subject matter and opinions about which she expects them to testify, and second, because she failed to exchange their medical reports.
CPLR 3101 (d) was amended to encourage full disclosure of expert opinion testimony. “Since the testimony of expert witnesses is often the single most important element of proof in medical malpractice * * * actions, sharing information concerning these opinions encourages prompt settlement by providing both parties an accurate measure of the strength of their adversaries’ case. In addition both parties will be discouraged from asserting unsupportable claims or defenses, knowing that they will be required to disclose what, if any, expert evidence will support their allegations.” (Mem of St Exec Dept, 1985 McKinney’s Session Laws of NY, at 3025.)
The statute provides:
“Upon request, each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert’s opinion.” (CPLR 3101 [d] [1] [i].)
Significantly, however, “due to concern that some physicians would attempt to discourage other physicians from testifying against them if the witnesses’ identities were revealed prior to trial” (see, e.g., Pizzi v Muccia, 127 AD2d 338, 340 [3d Dept *551 1987]),* the statute further provides that in “an action for medical, dental or podiatric malpractice, a party, in responding to a request [for expert disclosure], may omit the names of medical, dental or podiatric experts but shall be required to disclose all other information concerning such experts otherwise required.” (CPLR 3101 [d] [1] [i].)
Relying on case law holding that a suit against a physical therapist can be deemed an “action for medical malpractice” for purposes of the 2V2-year statute of limitations contained in CPLR 214-a, plaintiff maintains that this is an “action for medical malpractice” pursuant to CPLR 3101 (d) and neither the identity of her medical expert nor any identifying qualifications needs to be disclosed. Defendant counters, notwithstanding the possible application of CPLR 214-a’s medical malpractice statute of limitations, that because this case involves a physical therapist’s alleged malpractice, and not a doctor’s, the expert’s identity and qualifications are not shielded from disclosure.
Although for purposes of CPLR 214-a an action against a physical therapist may be governed by the 21/2-year statute of limitations applicable to medical malpractice actions where the challenged conduct “constitutes treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician” (see, Bleiler v Bodnar, 65 NY2d 65, 72 [1985]; see also, Weiner v Lenox Hill Hosp., 88 NY2d 784, 788 [1996]; Wahler v Lockport Physical Therapy, 275 AD2d 906, 907 [4th Dept 2000]; Joyner v Visiting Nurse Serv. of N.Y., 254 AD2d 394, 394 [2d Dept 1998]), the same broad definition of “medical malpractice” action is not appropriate for purposes of applying CPLR 3101 (d) in the context of suits against physical therapists.
Physical therapists are not physicians and there is no risk “of the exertion of pressure to discourage a colleague from giving expert testimony against a defendant doctor.” (Cf. Boucher *552 v Williams, 173 Misc 2d 265, 267 [Sup Ct, Suffolk County 1997] [emphasis added].) Thus, the rationale for exempting the identity of the medical expert and deviating from the general rule of broad disclosure is wholly inapplicable. (See, Rivera v City of New York, 150 Misc 2d 566, 567 [Sup Ct, NY County 1991] [CPLR 3101 (d) inapplicable to action against chiropractor].) In this action, where the sole defendant is Madison Avenue Physical Therapy, P.C., plaintiff must divulge the identity and qualifications of her medical expert. However, because defendant delayed in raising this issue and because plaintiff had a reasonable basis for believing disclosure was not mandated (particularly in light of defendant’s initial failure to seek the expert’s identity), the expert will not be precluded provided plaintiff discloses the expert’s identity and qualifications within 30 days of this decision.
Finally, CPLR 3101 (d) (1) is not applicable to disclosure with respect to treating physicians. (See, McGee v Family Care Servs., 246 AD2d 308 [1st Dept 1998]; see also, Ryan v City of New York, 269 AD2d 170, 170 [1st Dept 2000].) Because plaintiff provided authorizations for the records of Dr. Browne and Dr. Kelly, their testimony will be permitted.
Accordingly, it is ordered that defendant Madison Avenue’s motion for summary judgment is denied. It is further ordered that the cross motion of defendant Dr. Victor Sasson is denied as moot. Ordered that in accord with the mandates of CPLR 3101 (d) and the directions of this court, plaintiff is directed to provide defendant Madison Avenue with a proper response to his expert demand within 30 days from the date of this decision. It is further ordered that defendant Madison Avenue’s motion to preclude the testimony of Dr. Browne and Dr. Kelly is denied.

 See also, Wagner v Kingston Hosp., 182 AD2d 616, 617 (2d Dept 1992) (provision was enacted to address concern that medical experts might be discouraged from testifying by their colleagues); Jasopersaud v Rho, 169 AD2d 184 (2d Dept 1991) (exception was addressed to perceived problem of exertion of pressure by some physicians to discourage colleagues from giving expert testimony against them); McGoldrick v Young, 135 Misc 2d 200, 201 (Sup Ct, Albany County 1987) (the “Legislature was cognizant of the fact that there had been efforts by some physicians to directly or indirectly discourage their fellow practitioners from giving expert testimony”); Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:29A, at 48.