■ VERONICA JULIA, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. [745 NYS2d 50] —In an action to recover damages for personal injuries, the defendant New York City Health

and Hospitals Corporation appeals from a judgment of the Supreme Court, Kings County (Jackson, J.), dated February 16, 2001, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $175,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The plaintiff, as guardian ad litem for James Julia (hereinafter Julia), commenced this action against the City of New York and the appellant, New York City Health and Hospitals Corporation (hereinafter HHC), to recover damages for personal injuries allegedly sustained by Julia while he was a patient at Coney Island Hospital. While in a holding room in the psychiatric emergency room, Julia, a paranoid schizophrenic, attacked two hospital police officers. In response, one of the hospital police officers restrained Julia by grabbing him around the waist and controlling his arms. During the struggle, Julia fell face first to the floor. According to Julia, he suffered injuries to his eye when he was beaten up and "stomped on" by the hospital officers. The officers testified that any injuries sustained by Julia occurred when he fell to the floor. One of the plaintiff's expert witnesses, Dr. Anthony Rigle, a forensic pathologist, testified that Julia's injuries could not have occurred during a fall, but rather, that they had to have resulted from some "direct force in the eye" by some object, such as a fist or a "walkie-talkie," which would fit "within the orbit of the eye." The case was presented to the jury on two theories: medical malpractice and battery. The jury concluded that Coney Island Hospital departed from accepted medical practice in its treatment of Julia, and that such departure was a proximate cause of his injuries. However, it found that the hospital police officers did not strike Julia with a fist or any object. The jury awarded the plaintiff a total of $175,000 in damages, and a judgment was subsequently entered against HHC on the jury verdict.

We agree with HHC that the plaintiff failed to prove a prima facie case of medical malpractice in the instant case. A cause of action sounds in medical malpractice "[w]hen the duty arises from the physician-patient relationship or is substantially related to medical treatment" (*Mendelson v Clarkstown Med. Assoc.*, 271 AD2d 584; *see Lippert v Yambo*, 267 AD2d 433; *Megally v LaPorta*, 253 AD2d 35, 39). Florio, J.P., Smith, Friedmann and H. Miller, JJ., concur.