■ LUCIA ROSARIO MORALES, Respondent, v JOSEPH R. CARCIONE, JR., Defendant, and CENTRAL WESTCHESTER NEUROMUSCULAR CARE, P.C., Appellant. [852 NYS2d 343]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Central Westchester Neuromuscular Care, P.C., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered March 14, 2007, as denied that branch of its motion pursuant to CPLR 3211 (a) (5) which was to dismiss the third cause of action as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the appellant's motion pursuant to CPLR 3211 (a) (5) which was to dismiss the third cause of action as time-barred is granted.

On November 5, 2004 the plaintiff commenced this action against the defendant Joseph R. Carcione, Jr. (hereinafter Dr. Carcione) and his professional corporation, the defendant

Central Westchester Neuromuscular Care, P.C. (hereinafter CWNC), alleging that she sustained burns from heating pads applied to her legs by CWNC technicians on February 5, 2002. The defendants moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint, which alleged that the plaintiff sustained personal injuries "by reason of the[ir] negligence, carelessness, and/or medical malpractice," asserting that the action was not commenced within two years and six months as required by CPLR 214-a, the statute of limitations governing medical malpractice actions. In the order appealed from, the Supreme Court determined that the first and second causes of action against both defendants were barred by the medical malpractice statute of limitations, but that the third cause of action against CWNC was timely asserted pursuant to CPLR 214 (5), the three-year limitations period applicable to actions to recover damages for personal injuries, as that cause of action sounds in negligence. We reverse the order insofar as appealed from.

The sole issue to be determined on this appeal is whether the third cause of action sounds in medical malpractice or negligence, for purposes of determining the applicable statute of limitations. "Conduct may be deemed malpractice, rather than negligence, when it 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician' " (*Scott v Uljanov,* 74 NY2d 673, 674-675 [1989], quoting *Bleiler v Bodnar,* 65 NY2d 65, 72 [1985]). "When the duty arises from the physician-patient relationship or is substantially related to medical treatment, the breach gives rise to an action sounding in medical malpractice, not simple negligence" (*Mendelson v Clarkstown Med. Assoc.,* 271 AD2d 584, 584 [2000]; *see Bleiler v Bodnar,* 65 NY2d at 72; *Caso v St. Francis Hosp.,* 34 AD3d 714, 715 [2006]; *Chaff v Parkway Hosp.,* 205 AD2d 571 [1994]).

Here, the incident which resulted in the alleged injuries to the plaintiff arose out of the physician-patient relationship and was substantially related to the rendering of medical treatment to combat her neuropathy and other neuromuscular ailments (*see Bleiler v Bodnar,* 65 NY2d at 72; *Stolpe v Staten Is. Hosp.,* 3 NY2d 961 [1957], *affg* 282 App Div 896 [1953]; *Lippert v Yambo,* 267 AD2d 433 [1999]; *Joyner v Visiting Nurse Serv. of N.Y.,* 254 AD2d 394 [1998]; *Stanley v Lebetkin,* 123 AD2d 854 [1986]). Accordingly, the Supreme Court should have granted that branch of CWNC's motion which was to dismiss the third cause of action as time-barred, as it sounds in medical malpractice, and is therefore subject to the limitations period of two years and six months (*see* CPLR 214-a; *Scott v Uljanov,* 74 NY2d at 674). Rivera, J.P., Santucci, Covello and Balkin, JJ., concur.