Rojas v Tandon (2022 NY Slip Op 04989)

Rojas v Tandon

2022 NY Slip Op 04989

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2021-01823
 (Index No. 500205/20)

[*1]Paola Rojas, respondent, 
v
Sapna Tandon, etc., appellant, et al., defendant.

Rosenblum Newfield, LLC, White Plains, NY (James B. Rosenblum and James Newfield of counsel), for appellant.
Harry Organek, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant Sapna Tandon appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated January 4, 2021. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Sapna Tandon which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred is granted.
In January 2020, the plaintiff commenced this action against the defendant Sapna Tandon (hereinafter the defendant), who was an obstetrician/gynecologist resident at the time of the plaintiff's birth, and another individual, to recover damages for injuries that she allegedly sustained when she was dropped in the delivery room immediately following her birth in March 1999. In February 2020, the defendant moved, inter alia, to dismiss the complaint insofar as asserted against her as time-barred, contending that the infancy toll of CPLR 208 was limited to 10 years because the claim sounded in medical malpractice. The plaintiff opposed, arguing that the 10-year limitation did not apply because the complaint sounded in ordinary negligence. In an order dated January 4, 2021, the Supreme Court, among other things, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred, concluding that the action sought to recover damages for ordinary negligence and was timely commenced prior to the plaintiff's 21st birthday. We reverse insofar as appealed from.
"A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired" (Mello v Long Isl. Vitreo-Retinal Consultant, P.C., 172 AD3d 849, 850; see Chvetsova v Family Smile Dental, 202 AD3d 657). The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether she actually commenced the action within the applicable limitations period (see Muscat v Mid-Hudson Med. Group, P.C., 135 AD3d 915, 916; Marrero v Sosinsky, 130 AD3d 883, 883).
CPLR 208 provides that the statute of limitations is tolled throughout the period of infancy, but limits such toll to 10 years in medical malpractice actions (see Henry v City of New York, 94 NY2d 275, 282; Matter of Daniel J. v New York City Health & Hosps. Corp., 77 NY2d 630, 634; Contreras v KBM Realty Corp., 66 AD3d 627, 628). In determining whether conduct should be deemed medical malpractice or ordinary negligence, the critical factor is the nature of the duty owed to the plaintiff that the defendant is alleged to have breached (see Jeter v New York Presbyt. Hosp., 172 AD3d 1338, 1339; Pacio v Franklin Hosp., 63 AD3d 1130). A negligent act or omission by a health care provider that constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician to a particular patient constitutes medical malpractice (see Davis v South Nassau Communities Hosp., 26 NY3d 563, 580-581; Rabinovich v Maimonides Med. Ctr., 179 AD3d 88, 93).
Here, the defendant established, prima facie, that the conduct at issue derived from the duty owed to plaintiff by the defendant as a result of the physician-patient relationship and was substantially related to the plaintiff's medical treatment (see Scott v Uljanov, 74 NY2d 673, 675; Estate of Bell v WSNCHS N., Inc., 153 AD3d 498, 499-500). In opposition, the plaintiff failed to raise a question of fact as to whether the allegations sound in ordinary negligence. Since the complaint sounds in medical malpractice, this action was not timely commenced against the defendant (see Giordano v Scherz, 99 AD3d 968, 969). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her.
DILLON, J.P., ROMAN, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court