Rivera v Advanced Allergy & Asthma Assessment & Diagnostics, P.C. (2022 NY Slip Op 06949)

Rivera v Advanced Allergy & Asthma Assessment & Diagnostics, P.C.

2022 NY Slip Op 06949

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2019-09288
2020-03231
 (Index No. 705248/17)

[*1]Gloria Rivera, appellant, 
v
Advanced Allergy & Asthma Assessment & Diagnostics, P.C., et al., respondents, et al., defendant.

The Crawford Law Firm, P.C., Floral Park, NY (Mark A. Crawford of counsel), for appellant.
Wagner, Doman, Leto & DiLeo, P.C., Mineola, NY (Deborah C. Sturm and Ingrid Rodriguez of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered June 28, 2019, and (2) a judgment of the same court entered July 30, 2019. The order, insofar as appealed from, granted those branches of the motion of the defendants Advanced Allergy & Asthma Assessment & Diagnostics, P.C., and Charles A. Shapiro which were for summary judgment dismissing the fifth and sixth causes of action insofar as asserted against them. The judgment, insofar as appealed from, upon the order, is in favor of those defendants and against the plaintiff dismissing the fifth and sixth causes of action insofar as asserted against those defendants.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff allegedly was injured when she was given an allergy shot intended for another patient by an employee of the defendants Advanced Allergy & Asthma Assessment & Diagnostics, P.C., and Charles A. Shapiro (hereinafter together the defendants). The defendants moved for summary judgment dismissing the complaint insofar as asserted against them as time-barred. In an order entered June 28, 2019, the Supreme Court, inter alia, granted those branches of the defendants' motion which were for summary judgment dismissing the fifth and sixth causes of [*2]action insofar as asserted against them as time-barred. A judgment was entered, upon the order, inter alia, in favor of the defendants and against the plaintiff dismissing the fifth and sixth causes of action insofar as asserted against the defendants. The plaintiff appeals, and we affirm.
The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of the common everyday experience of the trier of the facts (see McNally v Montefiore Nyack Hosp., 206 AD3d 901, 902; Rabinovich v Maimonides Med. Ctr., 179 AD3d 88; Jeter v New York Presbyt. Hosp., 172 AD3d 1338, 1339). A complaint sounds in medical malpractice rather than ordinary negligence where the challenged conduct constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician to a particular patient (see Weiner v Lenox Hill Hosp., 88 NY2d 784, 788). By contrast, when the gravamen of the complaint is not negligence in furnishing medical treatment to a patient, but the defendant's failure in fulfilling a different duty, the complaint sounds in negligence (see Davis v South Nassau Communities Hosp., 26 NY3d 563, 580-581; Weiner v Lenox Hill Hosp., 88 NY2d at 788; Santana v St. Vincent Catholic Med. Ctr. of N.Y., 65 AD3d 1119; Dispenzieri v Hillside Psychiatric Hosp., 283 AD2d 389).
The plaintiff contends that the fifth and sixth causes of action are subject to the three-year statute of limitations for a cause of action to recover damages for ordinary negligence, rather than the 2½-year statute of limitations for a cause of action to recover damages for medical malpractice. However, the conduct alleged in the fifth and sixth causes of action constituted medical treatment, or at the least bore a substantial relationship to the rendition of medical treatment by a licensed physician. The administration of the injection involved a matter of medical science or art requiring special skills not ordinarily possessed by lay persons. The gravamen of the entire complaint, including the fifth and sixth causes of action, was the defendants' alleged negligence in furnishing medical treatment, not their failure in fulfilling a different duty. Therefore, the complaint sounds in medical malpractice and not ordinary negligence (see Davis v South Nassau Communities Hosp., 26 NY3d at 581; Santana v St. Vincent Catholic Med. Ctr. of N.Y., 65 AD3d at 1120; cf. Weiner v Lenox Hill Hosp., 88 NY2d at 788; Dispenzieri v Hillside Psychiatric Hosp., 283 AD2d at 390).
Accordingly, the Supreme Court, which correctly determined that the complaint was barred by the 2½-year statute of limitations for a cause of action to recover damages for medical malpractice (see CPLR 214-a), properly granted those branches of the defendants' motion which were for summary judgment dismissing the fifth and sixth causes of action insofar as asserted against them.
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court