Kelty v Genovese Drug Stores, Inc. (2023 NY Slip Op 01282)

Kelty v Genovese Drug Stores, Inc.

2023 NY Slip Op 01282

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-03749
 (Index No. 605080/15)

[*1]Rose Kelty, appellant, 
v
Genovese Drug Stores, Inc., et al., defendants, Hassan Hito, etc., respondent.

Kujawski & Kujawski, Deer Park, NY (Mark C. Kujawski and Davis & Ferber, LLP [Steven B. Ferber], of counsel), for appellant.
Furey, Furey, Leverage & Darlington, P.C., Hempstead, NY (Kenya S. Hargrove of counsel), for respondent.
Sobel Pevzner, LLC, Huntington, NY (Aaron C. Gross of counsel), for defendants.

DECISION & ORDER
In a consolidated action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated May 5, 2020. The order, insofar as appealed from, granted the motion of the defendant Hassan Hito for summary judgment dismissing the complaint insofar as asserted against him as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On May 13, 2015, the plaintiff commenced this consolidated action against her physician, the defendant Hassan Hito, among others, to recover damages for injuries she allegedly sustained when her dosage for a certain medication was reduced from 200 micrograms to 25 micrograms due to an unclear prescription. The subject prescription was prepared by Hito during a medical appointment with the plaintiff on May 14, 2012, in connection with his treatment of the plaintiff's hypothyroidism. Following discovery, Hito moved for summary judgment dismissing the complaint insofar as asserted against him as barred by the 2½-year statute of limitations for medical malpractice actions. In opposition, the plaintiff argued, inter alia, that this action insofar as asserted against Hito sounded in ordinary negligence and not medical malpractice. In an order dated May 5, 2020, the Supreme Court, among other things, granted Hito's motion. The plaintiff appeals.
"In distinguishing whether conduct should be deemed medical malpractice or ordinary negligence, the critical factor is the nature of the duty owed to the plaintiff that the defendant is alleged to have breached" (Rabinovich v Maimonides Med. Ctr., 179 AD3d 88, 92-93; see Rojas v Tandon, 208 AD3d 702; McNally v Montefiore Nyack Hosp., 206 AD3d 901, 902). "A negligent act or omission by a health care provider that constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician to a particular patient constitutes medical malpractice" (Rabinovich v Maimonides Med. Ctr., 179 AD3d at 93; see Rivera v Advanced Allergy & Asthma Assessment & Diagnostics, P.C., 211 AD3d 759; Rojas v Tandon, 208 AD3d at 703). In contrast, "'[w]hen the gravamen of the complaint is not negligence in furnishing medical treatment to a patient, but the failure to fulfill a different duty, the claim sounds in ordinary [*2]negligence'" (McNally v Montefiore Nyack Hosp., 206 AD3d at 902, quoting Rabinovich v Maimonides Med. Ctr., 179 AD3d at 93; see Weiner v Lenox Hill Hosp., 88 NY2d 787, 788). "[W]hen [a] complaint challenges a medical facility's performance of functions that are 'an integral part of the process of rendering medical treatment' and diagnosis to a patient, such as taking a medical history and determining the need for restraints, the action sounds in medical malpractice" (Estate of Bell v WSNCHS N., Inc., 153 AD3d 498, 499, quoting Scott v Uljanov, 74 NY2d 673, 675).
Here, contrary to the plaintiff's contention, the conduct alleged in the complaint insofar as asserted against Hito bears a substantial relationship to his medical treatment of the plaintiff, and sounds in medical malpractice (see Rivera v Advanced Allergy & Asthma Assessment & Diagnostics, P.C., 211 AD3d at 761; Holland v Cayuga Med. Ctr. at Ithaca, Inc., 195 AD3d 1292; Rabinovich v Maimonides Med. Ctr., 179 AD3d at 93). Accordingly, the Supreme Court properly determined that the action insofar as asserted against Hito was barred by the 2½-year statute of limitations for medical malpractice actions (see CPLR 214-a) and granted Hito's motion for summary judgment dismissing the complaint insofar as asserted against him.
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court