Piacquadio v Visiting Nurse Servs. in Westchester, Inc.

2026 NY Slip Op 02857

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Ruth Piacquadio, et al., appellants,

v

Visiting Nurse Services in Westchester, Inc., defendant, Rob Young, etc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2021-02314, (Index No. 59200/18)

Francesca E. Connolly, J.P.

Cheryl E. Chambers

Helen Voutsinas

Elena Goldberg Velazquez, JJ.

Litman Law Firm, Woodbury, NY (Jeffrey E. Litman of counsel), for appellants.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Judy C. Selmeci of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated January 22, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendant Rob Young which was for summary judgment dismissing the complaint insofar as asserted against him as time-barred.

ORDERED that the order is affirmed insofar as appealed from, with costs.

The plaintiff Ruth Piacquadio allegedly was injured while receiving occupational therapy from the defendant Rob Young on July 17, 2015, while she was using a shoulder pulley. On June 12, 2018, Ruth Piacquandio, and her husband suing derivatively, commenced this action against, among others, Young, inter alia, to recover damages for personal injuries. Young made a pre-answer motion to dismiss the complaint insofar as asserted against him as time-barred under the 2½-year statute of limitations applicable to medical malpractice actions. Young contended that the plaintiffs' allegations sounded in medical malpractice, rather than negligence. The Supreme Court denied Young's motion without prejudice to a motion for summary judgment dismissing the complaint insofar as asserted against him as time-barred.

After discovery, Young moved, among other things, for summary judgment dismissing the complaint insofar as asserted against him as time-barred. In an order dated January 22, 2021, the Supreme Court, inter alia, granted that branch of Young's motion. The plaintiffs appeal.

"A cause of action must be judged by its allegations, not its label" (McNally v Montefiore Nyack Hosp., 206 AD3d 901, 903 [internal quotation marks omitted]). "A negligent act or omission by a health care provider that constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician to a particular patient constitutes medical malpractice" (Rabinovich v Maimonides Med. Ctr., 179 AD3d 88, 93; see Kelty v Genovese Drug Stores, Inc., 214 AD3d 776, 777). "'By contrast, when the gravamen of the complaint is not negligence in furnishing medical treatment to a patient, but the . . . failure in [*2]fulfilling a different duty, the claim sounds in negligence'" (Kaziyeva v Temana Assoc., Inc., 206 AD3d 983, 984, quoting Weiner v Lenox Hill Hosp., 88 NY2d 784, 788).

Here, contrary to the plaintiffs' contention, Young demonstrated, prima facie, that the complaint sounded in medical malpractice and was governed by the 2½-year statute of limitations set forth in CPLR 214-a. The challenged conduct, the use of a shoulder pulley by Young, who was a licensed occupational therapist on the orders of a physician, constituted medical treatment or, at the least, bore a substantial relationship to the rendition of medical treatment by a licensed physician (see Wahler v Lockport Physical Therapy, 275 AD2d 906, 907; see also Ryan v Korn, 57 AD3d 507, 508; Meiselman v Fogel, 50 AD3d 979, 980; Morales v Carcione, 48 AD3d 648, 649). In opposition, the plaintiffs failed to raise a triable issue of fact. Since the complaint sounded in medical malpractice and this action was commenced more than 2½ years after the subject incident on July 17, 2015, the Supreme Court properly granted that branch of Young's motion which was for summary judgment dismissing the complaint insofar as asserted against him as time-barred.

In light of our determination, we need not address the plaintiffs' remaining contentions.

CONNOLLY, J.P., CHAMBERS, VOUTSINAS and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court