OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the fourth cause of action dismissed. The certified question is answered in the affirmative.
During the evening of December 14, 1983, plaintiff, then 46 years old, presented himself at the Binghamton General Hospital emergency room with a .29 blood alcohol level, allegedly having consumed substantial quantities of vodka and Valium. Plaintiff was placed in a hospital bed with the side rails up; his mother was seated alongside his bed. Some 30 minutes later, plaintiff climbed out of the end of the bed, fell and cut his head. After the cut was treated, he was sent to the hospital’s psychiatric ward under the care of defendant Dr. Michael Uljanov, who determined that plaintiff presented a substantial risk of harm to himself and others and admitted him; on December 27,1983 plaintiff was discharged.
In December 1986, plaintiff commenced a lawsuit against the owner of the hospital (UHS) and Dr. Uljanov. Three causes of action related to his alleged wrongful detention; all of these were dismissed as time barred and are no longer in issue. A fourth cause of action, against the hospital only, alleged that plaintiff was negligently supervised while in the emergency room bed, resulting in his fall and head injury; this cause of action is the focus of the present appeal. Supreme Court dismissed this cause of action as well, on the ground that it was barred by CPLR 214-a, the 2Vi-year Statute of Limitations distinctly applicable to medical malpractice actions. A divided Appellate Division reversed, the majority concluding that the claim sounds in negligence and is thus subject to the three-year limitations period (CPLR 214). Whether plaintiff’s fourth cause of action sounds in negligence or medical malpractice is the sole issue before us.
In that medical malpractice is simply a form of negligence, no rigid analytical line separates the two, although for policy reasons the Legislature has chosen to affix different Statutes of Limitations to medical negligence (or malpractice) and negligence generally. Conduct may be deemed malpractice, *675 rather than negligence, when it "constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician”. (Bleiler v Bodnar, 65 NY2d 65, 72.)
On this record, we agree with the Appellate Division dissenters that, for purposes of determining the applicable Statute of Limitations, defendant hospital’s alleged wrongdoing must be characterized as medical malpractice rather than negligence. Plaintiff’s allegations challenge the hospital’s assessment of the supervisory and treatment needs of its highly intoxicated patient during his initial emergency room care. As such, the conduct at issue constituted an integral part of the process of rendering medical treatment to him.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On appeal by the corporate defendant, order reversed, with costs, the fourth cause of action dismissed and the certified question answered in the affirmative in a memorandum. Appeal by the individual defendant dismissed, without costs, upon the ground that he is not a party aggrieved because the fourth cause of action is alleged only against the corporate defendant (CPLR 5511).