OPINION OF THE COURT
 

 ClPARICK, J.
 

 The issue on appeal is whether plaintiffs complaint against a hospital, alleging that the hospital failed to properly safeguard its blood supply from HIV contamination, sounds in medical malpractice or negligence for purposes of selecting the applicable Statute of Limitations. Because the challenged conduct was not linked to the medical treatment of a particular patient, we conclude that the claim sounds in negligence and that plaintiffs complaint is therefore timely.
 

 As alleged in plaintiffs complaint and amplified in a bill of particulars, Dale J. Korn was a patient at Lenox Hill Hospital (Hospital) from October 1984 through January 1985 for treatment of a small bowel obstruction. During the course of treatment, the Hospital administered numerous blood transfusions to Korn. The Hospital obtained eight units of blood used in the transfusions from its own blood bank and seven units from New York Blood Center. At least one of the blood units administered to Korn was contaminated with the HIV virus. In May 1990, Korn was diagnosed with AIDS, and she died of AIDS-related illnesses on June 20, 1990.
 

 In March 1991, plaintiff, as administrator of Korn’s estate, commenced this negligence action against the Hospital and New York Blood Center. Plaintiff alleged that the Hospital was negligent in failing to adequately screen and test the blood used in the transfusions. In its answer to plaintiffs complaint, the Hospital pleaded as an affirmative defense that plaintiffs claim was time barred under CPLR 214-a, the 2
 
 [1]
 
 /2-year medical malpractice Statute of Limitations. Plaintiff thereafter moved to strike the Statute of Limitations defense, and the Hospital cross-moved to dismiss the complaint as untimely.
 

 Supreme Court granted plaintiff’s motion to strike the Statute of Limitations defense and denied the Hospital’s motion to dismiss the complaint, holding that plaintiffs complaint is timely. The court reasoned that plaintiff’s claim sounds in negligence, not medical malpractice, and is governed by the 3-year limitations period of CPLR 214, which accrued upon
 
 *787
 
 Korn’s discovery of her HIV-positive status
 
 (see,
 
 CPLR 214-c). The Appellate Division affirmed for the reasons stated by Supreme Court, and certified the following question to this Court: "Was the order of the Supreme Court, New York County, as affirmed by this Court, properly made?” For the reasons that follow, we answer the certified question in the affirmative.
 

 To determine which Statute of Limitations governs plaintiffs claim against the Hospital, we must decide whether the claim sounds in medical malpractice or negligence. The Hospital contends that plaintiffs claim sounds in medical malpractice, governed by the 21/2-year limitations period of CPLR 214-a, and that the claim accrued under the common-law accrual rule at the time of injury
 
 (see, Schwartz v Heyden Newport Chem. Corp.,
 
 12 NY2d 212, 216-218,
 
 cert denied
 
 374 US 808;
 
 see also,
 
 CPLR 214-c [5]). Therefore, according to the Hospital, plaintiffs claim accrued no later than the last blood transfusion administered in January 1985 and expired no later than July 1987, rendering the March 1991 complaint untimely. In response, plaintiff counters that the complaint sounds in negligence, governed by the 3-year limitations period of CPLR 214. Moreover, plaintiff contends that because the injury was "caused by the latent effects of exposure to any substance,” namely HIV, the claim accrued upon discovery of the injury
 
 (see,
 
 CPLR 214-c [2]). According to plaintiff, therefore, the complaint — filed within one year of Korn’s discovery of her HIV-positive status — is timely.
 
 [1]
 

 In analyzing the issue on appeal, we initially note that the distinction between medical malpractice and negligence is a subtle one, for medical malpractice is but a species of negligence and "no rigid analytical line separates the two”
 
 (Scott v Uljanov,
 
 74 NY2d 673, 674). Nevertheless, this Court has
 
 *788
 
 recognized that although a "hospital in a general sense is always furnishing medical care to patients * * * not every act of negligence toward a patient would be medical malpractice”
 
 (Bleiler v Bodnar,
 
 65 NY2d 65, 73). Thus, a claim sounds in medical malpractice when the challenged conduct "constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician”
 
 (id.,
 
 at 72). By contrast, when "the gravamen of the complaint is not negligence in furnishing medical treatment to a patient, but the hospital’s failure in fulfilling a different duty,” the claim sounds in negligence
 
 (id.,
 
 at 73;
 
 see, Scott v Uljanov, supra,
 
 74 NY2d, at 675).
 

 Based on these principles, we agree with the courts below that the complaint in this case sounds in negligence, not medical malpractice. Plaintiff’s complaint essentially challenges the Hospital’s "failure to adopt and prescribe proper procedures and regulations” for the collection of blood, a type of claim that we have recognized as sounding in negligence
 
 (see, Bleiler v Bodnar, supra,
 
 65 NY2d, at 73). The core issue in this case— the adequacy of the Hospital’s blood testing and screening procedures — does not implicate questions of medical competence or judgment linked to the treatment of Korn, but turns instead on the Hospital’s independent duties as a blood-collection center. Unlike the inquiry in a medical malpractice case, whether the Hospital breached its duty to exercise due care in its blood-collection activities does not in any measure depend on an analysis of the medical treatment furnished to Korn.
 
 [2]
 

 Moreover, although the Hospital correctly points out that a physician must supervise the process of blood collection
 
 (see, e.g.,
 
 10 NYCRR 58-2.1 [s]; 58-2.2 [a]), this requirement does not resolve the question of whether the challenged conduct "bears a substantial relationship to the rendition of medical treatment” to a particular patient, which remains the determinative question on appeal
 
 (Bleiler v Bodnar, supra,
 
 65 NY2d, at 72). Notably, the regulatory requirement of physician oversight applies equally to independent blood banks, yet, as the Hospital
 
 *789
 
 recognizes, a claim against a blood bank for failure to properly screen and test its blood supply would sound in negligence, not medical malpractice.
 

 Similarly, we reject the Hospital’s argument that plaintiffs claim necessarily sounds in medical malpractice because expert testimony of a medical nature will be required to assist the jury in understanding the particulars of the blood-collectión process (see,
 
 Payette v Rockefeller Univ.,
 
 220 AD2d 69, 73-74 [analyzing shortcomings of this expert-testimony approach];
 
 see also,
 
 McLaughlin, 1990 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C214-a:1, 1996 Cum Ann Pocket Part, at 124 [same]). In this case, the need for expert testimony signifies only that the technical and scientific nature of the blood-collection process is beyond the ken of the average juror, not that the claim sounds in medical malpractice
 
 (see, De Long v County of Erie,
 
 60 NY2d 296, 307).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
 

 Order affirmed, etc.
 

 [1]
 

 . The discovery accrual rule of CPLR 214-c, upon which plaintiff relies, provides in pertinent part: "Notwithstanding the provisions of section 214, the three year period within which an action to recover damages for personal injury * * * caused by the latent effects of exposure to any substance or combination of substances, in any form, upon or within the body * * * must be commenced shall be computed from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier” (CPLR 214-c [2]). On this appeal, the Hospital does not challenge the conclusion of the courts below that HIV is a "substance” within the meaning of CPLR 214-c (see,
 
 Di Marco v Hudson Val. Blood Servs.,
 
 147 AD2d 156;
 
 Prego v City of New York,
 
 147 AD2d 165;
 
 accord, Jensen v General Elec. Co.,
 
 82 NY2d 77, 83).
 

 [2]
 

 . Thus, the Hospital’s reliance on
 
 Mondello v New York Blood Ctr.
 
 (80 NY2d 219), also a case involving the transfusion of HIV-contaminated blood, is misplaced. In
 
 Mondello,
 
 this Court held that a hospital and an independent blood bank were not united in interest for Statute of Limitations purposes because of the distinct role of each in the collection, distribution, and delivery of blood
 
 (id.,
 
 at 227-228). In this case, however, plaintiff challenges the Hospital in its role as a blood bank.