■ Louise Caso, Appellant, v St. Francis Hospital, Respondent. [825 NYS2d 127]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Brandveen, J.), dated September 14, 2005, which granted that branch of the defendant's motion which was for summary judgment dismissing the complaint as time-barred, and (2) a judgment of the same court entered October 21, 2005, which, upon the order, dismissed the complaint. The plaintiff's notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The sole issue to be determined on appeal is whether the action sounds in medical malpractice or in simple negligence for purposes of determining the applicable statute of limitations. The critical factor is the nature of the duty owed to the plaintiff that the defendant is alleged to have breached. When the chal-

lenged conduct " 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician,' " the claim sounds in medical malpractice (*Weiner v Lenox Hill Hosp.*, 88 NY2d 784, 788 [1996], quoting *Bleiler v Bodnar*, 65 NY2d 65, 72 [1985]; *see Scott v Uljanov*, 74 NY2d 673, 674-675 [1989]).

Here, the incident arose out of the alleged failure of the plaintiff's physician to order bed rails and/or restraints (*see Fox v White Plains Med. Ctr.*, 125 AD2d 538 [1986]) and/or the failure of the defendant's staff to follow that order (*see Collins v New York Hosp.*, 49 NY2d 965, 967 [1980]; *Toth v Community Hosp. at Glen Cove*, 22 NY2d 255, 265 [1968]; *Kless v Paul T.S. Lee, M.D., P.C.*, 19 AD3d 1083, 1084 [2005]; *Bamert v Central Gen. Hosp.*, 77 AD2d 559, 560 [1980], *affd* 53 NY2d 656 [1981]; *cf. Georgetti v United Hosp. Med. Ctr.*, 204 AD2d 271, 272 [1994]). The plaintiff's allegations essentially challenge the defendant's assessment of her supervisory and treatment needs (*see Scott v Uljanov, supra*). Thus, the conduct at issue derived from the duty owed to the plaintiff as a result of the physician-patient relationship and was substantially related to her medical treatment (*see Chaff v Parkway Hosp.*, 205 AD2d 571, 572 [1994]).

Accordingly, the Supreme Court properly determined that the action sounds in medical malpractice, for which the 2½-year statute of limitations is applicable (*see* CPLR 214-a; *Scott v Uljanov, supra*). Accordingly, this action was not timely commenced.

The plaintiff's remaining contentions are without merit. Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.