MARGARET RYAN, Respondent, v JONATHAN A. KORN et al., Appellants, et al., Defendant. [868 NYS2d 735]—

On July 9, 2001 the plaintiff, while receiving physical therapy at the offices of the defendants Jonathan A. Korn and Jeffrey S. Kaplan (hereinafter the defendants), allegedly received burns to her left forearm from moist heating pads that were applied to her arm by a physical therapist who worked in the defendants' office.

On June 28, 2004 the plaintiff commenced this action against the defendants, as well as the physical therapist. In February 2005 the complaint was dismissed pursuant to CPLR 3211 (a) (8) insofar as asserted against the physical therapist. The defendants subsequently moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them on the ground that the action was not commenced within two years and six months as required by CPLR 214-a, the statute of limitations governing medical malpractice actions. They also moved pursuant to CPLR 3042 (d) and 3126, asserting that the plaintiff willfully failed to respond to their discovery demands and demand for a verified bill of particulars. The Supreme Court denied the motion in its entirety. The defendants now appeal from so much of the order as denied that branch of their motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as time-barred. We reverse the order insofar as appealed from.

"Conduct may be deemed malpractice, rather than negligence, when it 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician' " (*Scott v Uljanov*, 74 NY2d 673, 674-675 [1989], quoting *Bleiler v Bodnar*, 65 NY2d 65, 72 [1985]). "The critical factor is the nature of the duty owed to the plaintiff that the defendant is alleged to have breached" (*Caso v St. Francis Hosp.*, 34 AD3d 714, 714 [2006]; *see Bazakos v Lewis*, 56 AD3d 15 [2008]).

Here, the gravamen of the plaintiff's complaint challenges the treatment she received during physical therapy at the defendants' office. The alleged conduct derived from the duty owed to the plaintiff as a result of the physician-patient relationship and was substantially related to her medical treatment (*see Bleiler v Bodnar*, 65 NY2d at 72; *Morales v Carcione*, 48 AD3d 648, 649 [2008]; *Caso v St. Francis Hosp.*, 34 AD3d at 715; *Pattavina v DiLorenzo*, 26 AD3d 167 [2006]). Since the action sounds in medical malpractice and is therefore subject to the limitations period of two years and six months contained in CPLR 214-a, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as time-barred. Rivera, J.P., Dillon, Covello and McCarthy, JJ., concur.