■ ROBERT PACIO et al., Appellants, v FRANKLIN HOSPITAL et al., Defendants, and NORTH SHORE UNIVERSITY HOSPITAL AT GLEN COVE, Respondent. [882 NYS2d 247]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated June 10, 2008, as granted that branch of the motion of the defendant North Shore University Hospital at Glen Cove which was for summary judgment dismissing the first cause of action insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1999 the injured plaintiff Robert Pacio (hereinafter the plaintiff), was in a car accident which left him paralyzed. On December 5, 2003 the plaintiff fell in his home and was admitted to the defendant Franklin Hospital. Upon his discharge from Franklin Hospital on December 13, 2003 the plaintiff had pressure ulcers, or bedsores. The plaintiff was readmitted to Franklin Hospital on December 16, 2003 and transferred to a nursing home on December 22, 2003. Eight days later, on December 30, 2003, the plaintiff, suffering from, among other things, shortness of breath and pressure ulcers on his sacrum, was transferred from the nursing home to the defendant North Shore University Hospital at Glen Cove (hereinafter Glen Cove), where he was treated until March 8, 2004. While at Glen Cove, the plaintiff's sacral ulcers worsened, requiring surgeries, and additional pressure ulcers developed on his heels.

On June 1, 2006 the plaintiffs commenced the instant action against, inter alia, Franklin Hospital, alleging causes of action to recover damages for negligence, medical malpractice, and lack of informed consent. In November of 2006, more than 2½ years after the plaintiff was treated at Glen Cove, the plaintiffs served an amended complaint on Glen Cove, joining it as a defendant. At the close of discovery, Glen Cove moved for summary judgment dismissing the complaint insofar as asserted against it, arguing, inter alia, that the plaintiffs' first cause of action asserting negligence actually sounded in medical malpractice, and therefore the amended complaint, insofar as asserted against it, was time-barred pursuant to CPLR 214-a. In opposition, the plaintiffs did not dispute the dismissal, as time-barred, of their second and third causes of action insofar as asserted against Glen Cove to recover damages for medical malpractice and lack of informed consent, respectively, but argued

that their first cause of action insofar as asserted against Glen Cove alleging negligence was proper, as it alleged that Glen Cove failed to follow its own protocol in caring for the plaintiff's pressure ulcers, for which expert testimony was not necessary. In granting that branch of the motion, the Supreme Court noted that although the plaintiffs referred to Glen Cove's failure to follow its own "protocol," "the essence of the [plaintiffs'] allegation is that [Glen Cove], in failing to implement its protocol, failed to properly assess plaintiff's condition and the degree of supervision required. The conduct complained of . . . constitutes an integral part of the process of rendering medical treatment to the plaintiff." The plaintiffs appeal only the dismissal of their first cause of action insofar as asserted against Glen Cove, which they allege sounds in negligence to the extent that it is based on Glen Cove's failure to adhere to its protocol for treatment of pressure ulcers by "patient care associates" (hereinafter PCAs) and nurses, e.g., bathing, toileting, feeding, turning and positioning, applying skin moisturizers, providing cushions or pads, etc. We affirm the order insofar as appealed from.

In applying the statute of limitations, courts "look to the 'reality' or the 'essence' of the action and not its form" (*Matter of Paver & Wildfoerster [Catholic High School Assn.]*, 38 NY2d 669, 674 [1976]). "In that medical malpractice is simply a form of negligence, no rigid analytical line separates the two" (*Scott v Uljanov*, 74 NY2d 673, 674 [1989]; *see Weiner v Lenox Hill Hosp.*, 88 NY2d 784, 787 [1996]). In distinguishing whether conduct may be deemed malpractice or negligence, "[t]he critical factor is the nature of the duty owed to the plaintiff that the defendant is alleged to have breached" (*Caso v St. Francis Hosp.*, 34 AD3d 714, 714 [2006]). Accordingly, a claim sounds in medical malpractice "when the challenged conduct 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician' " (*Weiner v Lenox Hill Hosp.*, 88 NY2d at 788, quoting *Bleiler v Bodnar*, 65 NY2d 65, 72 [1985]; *see Scott v Uljanov*, 74 NY2d at 674; *see also Bazakos v Lewis*, 12 NY3d 631 [2009]). In contrast, a claim sounds in negligence "when 'the gravamen of the complaint is not negligence in furnishing medical treatment to a patient, but the hospital's failure in fulfilling a different duty' " (*Weiner v Lenox Hill Hosp.*, 88 NY2d at 788, quoting *Bleiler v Bodnar*, 65 NY2d at 73; *see Papa v Brunswick Gen. Hosp.*, 132 AD2d 601 [1987]; *D'Elia v Menorah Home & Hosp. for the Aged & Infirm*, 51 AD3d 848 [2008]).

Here, in opposition to Glen Cove's prima facie showing of

entitlement to summary judgment, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' reliance on Glen Cove's protocol for "prediction, prevention, and treatment guidelines" for pressure ulcers (hereinafter the protocol) is unavailing. The preventive measures in the protocol that the plaintiffs assert Glen Cove failed to follow are a component of Glen Cove's comprehensive treatment of patients with pressure ulcers. Specifically, in pertinent part, the protocol sets forth the required competency and training of registered nurses (hereinafter RNs), licensed practical nurses (hereinafter LPNs), nursing assistants, PCAs, and home health aides, all of whom are required to, inter alia, "[o]bserve and report signs and symptoms of pressure ulcer development," perform "pressure reduction measures, cleaning and treatment" at the direction of RNs, and to collaborate with other staff, i.e., RNs, physicians, LPNs, nursing assistants, physician assistants, nutritionists, and physical therapists, regarding assessment and plan of care. As preventive measures, the protocol lists, among other things, inspection of the skin every shift, use of moisturizers, avoiding massage over reddened bony prominences, "proper positioning, transferring and turning techniques," pillows to relieve pressure over bony prominences, and elevating heels off the bed. The protocol also directs proper "tissue load management," which seeks to "create an environment that enhances soft tissue viability and promotes healing of the pressure ulcers." As the above demonstrates, the subject protocol constitutes a "substantial relationship to the rendition of medical treatment" (*Bleiler v Bodnar,* 65 NY2d at 72; *see Scott v Uljanov,* 74 NY2d at 674-675).

Accordingly, the Supreme Court properly granted that branch of Glen Cove's motion which was for summary judgment dismissing the first cause of action insofar as asserted against it on the ground that it was time-barred pursuant to CPLR 214-a (*see Bleiler v Bodnar,* 65 NY2d 65 [1985]; *Ryan v Korn,* 57 AD3d 507 [2008]; *Meiselman v Fogel,* 50 AD3d 979 [2008]; *Caso v St. Francis Hosp.,* 34 AD3d 714 [2006]; *Gaska v Heller,* 29 AD3d 945 [2006]; *cf. Weiner v Lenox Hill Hosp.,* 88 NY2d 784 [1996]; *Ellinghusen v Flushing Hosp. & Med. Ctr.,* 143 AD2d 217 [1988]).

In light of our determination, Glen Cove's remaining contention has been rendered academic. Prudenti, P.J., Miller, Eng and Belen, JJ., concur.