■ PEDRO SANTANA, Respondent, v ST. VINCENT CATHOLIC MEDICAL CENTER OF NEW YORK, Appellant. [886 NYS2d 57]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Schack, J.), dated August 1, 2008, which denied its motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is reversed, on the law, with costs, and the motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred is granted.

On November 19, 2002, the plaintiff's decedent, a 73-year-old cancer patient at the defendant St. Vincent Catholic Medical Center of New York (hereinafter the defendant), allegedly was injured when he fell from his hospital bed. In September 2005, after the decedent's death, the plaintiff commenced this action to recover damages for the decedent's personal injuries. The defendant moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint, asserting that the plaintiff's claim sounded in medical malpractice and was barred by the statute of limitations governing such actions (*see* CPLR 214-a). The Supreme Court denied the motion, and the defendant appeals.

A cause of action to recover damages for medical malpractice accrues on the date of the alleged act, omission, or failure complained of, and is subject to a $2^1/_2$-year statute of limitations (*see* CPLR 214-a; *Young v New York City Health & Hosps. Corp.,* 91 NY2d 291, 295-296 [1998]); a three-year statute of limitations applies to an action alleging ordinary negligence (CPLR 214 [5]). "[T]he distinction between medical malpractice and negligence is a subtle one, for medical malpractice is but a species of negligence and no rigid analytical line separates the two . . . [A] claim sounds in medical malpractice when the challenged conduct constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician. By contrast, when the gravamen of the complaint is not negligence in furnishing medical treatment to a patient, but the hospital's failure in fulfilling a different duty, the claim sounds in negligence" (*Weiner v Lenox Hill Hosp.,* 88 NY2d 784, 787-788 [1996] [internal quotation marks and cita-

tions omitted]; *see Pacio v Franklin Hosp.,* 63 AD3d 1130 [2009]).

Here, the complaint, as amplified by the bill of particulars (*see Grassman v Slovin,* 206 AD2d 504 [1994]; *Stanley v Lebetkin,* 123 AD2d 854 [1986]), seeks to impose liability on the defendant for its alleged failure to assess the level of supervision, nursing care, and security required for the decedent after it had administered pain medication to him. The allegations therefore sound in medical malpractice, not ordinary negligence (*see Scott v Uljanov,* 74 NY2d 673, 674-675 [1989]; *Caso v St. Francis Hosp.,* 34 AD3d 714, 715 [2006]; *Rey v Park View Nursing Home,* 262 AD2d 624, 627 [1999]; *Fox v White Plains Med. Ctr.,* 125 AD2d 538 [1986]).

Since the action sounds in medical malpractice and is therefore subject to the 2½-year statute of limitations provided by CPLR 214-a, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. Spolzino, J.P., Santucci, Florio and Balkin, JJ., concur.