■ EDWARD SPIEGEL et al., Appellants-Respondents, v ANDREW GOLDFARB et al., Defendants. SHEARER & ESSNER, LLP, Nonparty Respondent-Appellant. [889 NYS2d 45]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Martin, J.), dated June 30, 2008, as denied that branch of their motion which was to set an attorney's fee pursuant to the medical malpractice fee schedule set forth in Judiciary Law § 474-a on the portion of settlement proceeds received from the defendant Enzo Clinical Labs, Inc., and the nonparty Shearer & Essner, LLP, cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for the imposition of interest pursuant to CPLR 5001 on a sum held in its escrow account pending resolution of the fee dispute.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the plaintiffs' motion which was to set an attorney's fee pursuant to the medical malpractice fee schedule set forth in Judiciary Law § 474-a on the portion of settlement proceeds received from the defendant Enzo Clinical Labs, Inc., is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The nonparty law firm Shearer & Essner, LLP (hereinafter Shearer), represented the plaintiffs in this action against the defendants Dr. Andrew Goldfarb, Anne Belle Platt, and Enzo Clinical Labs, Inc. (hereinafter Enzo), to recover damages for injuries sustained by the plaintiff Edward Spiegel, allegedly as a result of the defendants' failure to diagnose endocarditis, an infection of the heart valves. Upon completion of discovery, the plaintiffs accepted settlement offers from Goldfarb and Enzo.

Thereafter, the plaintiffs disputed the attorney's fee claimed by Shearer on the ground that Shearer erroneously calculated the portion of its fee based on the settlement proceeds from Enzo. Specifically, the plaintiffs claimed that that portion of the fee should have been calculated based on a medical malpractice fee schedule pursuant to Judiciary Law § 474-a, rather than a negligence fee schedule pursuant to 22 NYCRR 691.20 (e), which resulted in a greater fee. Shearer placed the disputed portion of the settlement proceeds in its escrow account pending resolution of the fee dispute.

Subsequently, the plaintiffs moved to set Shearer's fee on the portion of the settlement proceeds received from Enzo pursuant to the medical malpractice fee schedule set forth in Judiciary Law § 474-a. Shearer cross-moved to award interest on the disputed sum pursuant to CPLR 5001. The Supreme Court denied both motions.

The Supreme Court erred in denying the plaintiffs' motion. In distinguishing whether conduct may be deemed malpractice or negligence, the critical factor is the nature of the duty owed to the plaintiff that the defendant is alleged to have breached (*see Pacio v Franklin Hosp.*, 63 AD3d 1130 [2009]; *Ryan v Korn*, 57 AD3d 507, 508 [2008]; *Caso v St. Francis Hosp.*, 34 AD3d 714 [2006]). A negligent act or omission by a health care provider that "constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician constitutes [medical] malpractice" (*Bleiler v Bodnar*, 65 NY2d 65, 72 [1985]; *see Weiner v Lenox Hill Hosp.*, 88 NY2d 784, 788 [1996]; *Scott v Uljanov*, 74 NY2d 673, 674-675 [1989]; *Pacio v Franklin Hosp.*, 63 AD3d 1130 [2009]; *D'Elia v Menorah Home & Hosp. for the Aged & Infirm*, 51 AD3d 848, 850-851 [2008]; *Caso v St. Francis Hosp.*, 34 AD3d 714 [2006]; *see also Bazakos v Lewis*, 12 NY3d 631 [2009]). More specifically, an alleged negligent act constitutes medical malpractice when it can be characterized as a "crucial element of diagnosis and treatment" and "an integral part of the process of rendering medical treatment to [the plaintiff]" (*Bleiler v Bodnar*, 65 NY2d at 72).

Here, the laboratory services performed by Enzo bore a substantial relationship to the rendition of medical treatment to the plaintiff Edward Spiegel (hereinafter the plaintiff) by Dr. Goldfarb. The results of the blood cultures performed by Enzo were a "crucial element" of the plaintiff's diagnosis and treatment and an "integral part of the process of rendering medical treatment" to him (*Bleiler v Bodnar*, 65 NY2d at 72). Therefore, the claim against Enzo sounded in medical malpractice, and

counsel fees on the portion of the settlement proceeds received from Enzo should have been awarded in accordance with Judiciary Law § 474-a.

The parties' remaining contentions either are without merit, are improperly raised for the first time on appeal, or need not be reached in light of our determination. Prudenti, P.J., Miller, Chambers and Roman, JJ., concur. [*See* 2008 NY Slip Op 31948(U).]