EILEEN TRACY, Respondent, v VASSAR BROTHERS HOSPITAL, Appellant, et al., Defendants. [13 NYS3d 226]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Vassar Brothers Hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Lubell, J.), dated November 29, 2012, as denied its motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Vassar Brothers Hospital which was pursuant to CPLR 3211 (a) (5) to dismiss the causes of action alleging medical malpractice insofar as asserted against it as time-barred, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff sought treatment for her right shoulder from the defendant physician, Spyros Panos. On February 5, 2009, Panos performed surgery on the plaintiff's shoulder at the defendant Vassar Brothers Hospital (hereinafter Vassar). On January 26, 2012, the plaintiff commenced this action against Vassar, among others.

Vassar moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it, contending that the action was barred by the 2½-year statute of limitations applicable to medical malpractice causes of action (see CPLR 214-a). The Supreme Court denied the motion, concluding that the complaint set forth causes of action alleging both medical malpractice, the dismissal of which would be premature, and ordinary negligence, governed by a three-year statute of limitations (see CPLR 214 [5]) and, thus, the negligence causes of action were not time-barred.

The Supreme Court should have granted that branch of Vassar's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the causes of action alleging medical malpractice insofar as asserted against it. Contrary to the plaintiff's contention, with respect to the medical malpractice causes of action, the motion was not properly denied on the ground that discovery might have revealed evidence that would estop Vassar from raising a statute of limitations defense. In opposition to Vassar's motion, the plaintiff argued that, with further discovery, she hoped to be able to establish that Vassar possessed knowledge of Panos's medical malpractice, and that this knowledge, coupled with Vassar allowing Panos to continue his malpractice to the detriment of other patients, was a fraud perpetrated by Vassar on the public that estopped it from asserting a statute of limitations defense. However, even if the plaintiff were able to establish these facts, they would not give rise to an estoppel, since they did not amount to later fraudulent misrepresentations made for the purpose of concealing the former tort (see Saretto v Panos, 120 AD3d 786, 787 [2014]; Plain v Vassar Bros. Hosp., 115 AD3d 922, 923 [2014]; Butcher v Panos, 115 AD3d 900, 901 [2014]). Therefore, the causes of action alleging medical malpractice insofar as asserted against Vassar should have been dismissed as time-barred.

Contrary to Vassar's contention, however, the Supreme Court properly concluded that, in addition to the medical malpractice allegations, the complaint also set forth allegations of ordinary negligence against Vassar, which were not time-barred. "[T]he distinction between medical malpractice and negligence is a subtle one, for medical malpractice is but a species of negligence

and 'no rigid analytical line separates the two' " (*Weiner v Lenox Hill Hosp.*, 88 NY2d 784, 787 [1996], quoting *Scott v Uljanov*, 74 NY2d 673, 674 [1989]). "A hospital in a general sense is always furnishing medical care to patients, but clearly not every act of negligence toward a patient would be medical malpractice" (*Bleiler v Bodnar*, 65 NY2d 65, 73 [1985]). "Conduct may be deemed malpractice, rather than negligence, when it 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician' " (*Scott v Uljanov*, 74 NY2d at 674-675, quoting *Bleiler v Bodnar*, 65 NY2d at 72). "By contrast, when 'the gravamen of the complaint is not negligence in furnishing medical treatment to a patient, but the hospital's failure in fulfilling a different duty,' the claim sounds in negligence" (*Weiner v Lenox Hill*, 88 NY2d at 788, quoting *Bleiler v Bodnar*, 65 NY2d at 73).

Here, the allegations in the complaint pertaining to the number of surgeries Panos was scheduling for any given day, the allegations that Vassar failed to establish procedures regarding the number of surgeries that could be scheduled for a given day, and the allegations that Vassar failed to investigate or respond to warnings and complaints from its employees regarding Panos's practices generally, all sound in ordinary negligence rather than medical malpractice (*see Weiner v Lenox Hill*, 88 NY2d at 788-789; *Bleiler v Bodnar*, 65 NY2d at 73). In this respect, none of these allegations "implicate questions of medical competence or judgment linked to the treatment of [the plaintiff]" or "depend on an analysis of the medical treatment furnished to [the plaintiff]" (*Weiner v Lenox Hill*, 88 NY2d at 788). Accordingly, the Supreme Court properly denied that branch of Vassar's motion which was to dismiss, as time-barred, the causes of action alleging ordinary negligence. Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.