McNally v Montefiore Nyack Hosp. (2022 NY Slip Op 04018)

McNally v Montefiore Nyack Hosp.

2022 NY Slip Op 04018

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2019-09912
 (Index No. 36925/18)

[*1]Juanita McNally, etc., appellant, 
v
Montefiore Nyack Hospital, respondent, et al., defendants.

Sacco & Fillas, LLP, Astoria, NY (Boris Bernstein of counsel), for appellant.
Vouté, Lohrfink, McAndrew, Meisner & Roberts, LLP, White Plains, NY (Evan J. Lyman of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), entered July 23, 2019. The order granted the motion of the defendant Montefiore Nyack Hospital pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred.
ORDERED that the order is affirmed, with costs.
The plaintiff's decedent, Fernand McNally (hereinafter the decedent), allegedly received medical treatment from the defendant Montefiore Nyack Hospital (hereinafter Montefiore) beginning on or about September 1, 2015, up until the decedent's death on November 25, 2015.
The plaintiff commenced this action just under three years later. Thereafter, Montefiore moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred under CPLR 214-a and EPTL 5-4.1. In opposition, the plaintiff argued, among other things, that the first cause of action sounded in ordinary negligence and therefore was not time-barred by the 2½-year statute of limitations for medical malpractice. The plaintiff further argued that the second cause of action, to recover damages for wrongful death, was not time-barred by the two-year statute of limitations applicable to wrongful death claims because it related to the allegedly timely first cause of action. By order entered July 23, 2019, the Supreme Court granted Montefiore's motion, and the plaintiff appeals.
"[T]he distinction between medical malpractice and negligence is a subtle one, for medical malpractice is but a species of negligence and no rigid analytical line separates the two" (Weiner v Lenox Hill Hosp., 88 NY2d 784, 787 [internal quotation marks omitted]; see Rabinovich v Maimonides Med. Ctr., 179 AD3d 88, 92). "In distinguishing whether conduct should be deemed medical malpractice or ordinary negligence, the critical factor is the nature of the duty owed to the plaintiff that the defendant is alleged to have breached" (Rabinovich v Maimonides Med. Ctr., 179 AD3d at 92-93, citing Jeter v New York Presbyt. Hosp., 172 AD3d 1338, 1339; see Pacio v Franklin Hosp., 63 AD3d 1130). In other words, "[t]he distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct [*2]complained of can instead be assessed on the basis of the common everyday experience of the trier of the facts" (Jeter v New York Presbyt. Hosp., 172 AD3d at 1339 [internal quotation marks omitted]; see Rabinovich v Maimonides Med. Ctr., 179 AD3d at 93).
"When the gravamen of the complaint is not negligence in furnishing medical treatment to a patient, but the failure to fulfill a different duty, the claim sounds in ordinary negligence" (Rabinovich v Maimonides Med. Ctr., 179 AD3d at 93, citing Weiner v Lenox Hill Hosp., 88 NY2d at 788). "Thus, an action sounds in ordinary negligence when jurors can utilize their common everyday experiences to determine the allegations of a lack of due care" (Rabinovich v Maimonides Med. Ctr., 179 AD3d at 93, citing Jeter v New York Presbyt. Hosp., 172 AD3d at 1339; see Reardon v Presbyterian Hosp. in City of N.Y., 292 AD2d 235, 237).
"In contrast, an action sounds in medical malpractice where the determination involves a consideration of professional skill and judgment" (Rabinovich v Maimonides Med. Ctr., 179 AD3d at 93, citing Weiner v Lenox Hill Hosp., 88 NY2d at 788). Medical malpractice is "[a] negligent act or omission by a health care provider that constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician to a particular patient" (Rabinovich v Maimonides Med. Ctr., 179 AD3d at 93, citing Davis v South Nassau Communities Hosp., 26 NY3d 563, 580; see Spiegel v Goldfarb, 66 AD3d 873, 874).
"A cause of action must be judged by its allegations, not its label" (Bohm v Holzberg, 47 AD2d 764, 764; see CPLR 3013). Here, the plaintiff's allegations in the first cause of action "bear a substantial relationship to the rendition of medical treatment to" the decedent (Rabinovich v Maimonides Med. Ctr., 179 AD3d at 94). Those allegations challenge Montefiore's "performance of functions that are 'an integral part of the process of rendering medical treatment' and diagnosis to a patient, such as taking a medical history" (Estate of Bell v WSNCHS N., Inc., 153 AD3d 498, 499, quoting Scott v Uljanov, 74 NY2d 673, 675; see Pacio v Franklin Hosp., 63 AD3d at 1132-1133). Therefore, the Supreme Court correctly determined that the first cause of action sounded in medical malpractice, not ordinary negligence (cf. Bleiler v Bodnar, 65 NY2d 65, 72-73; Tracy v Vassar Bros. Hosp., 130 AD3d 713, 715), and, as such, was barred by the 2½-year statute of limitations for medical malpractice (see CPLR 214-a).
In light of our determination, we need not consider the plaintiff's remaining contentions.
BARROS, J.P., CONNOLLY, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court