Trofimova v Seniorcare Emergency Med. Servs., Inc. (2023 NY Slip Op 05997)

Trofimova v Seniorcare Emergency Med. Servs., Inc.

2023 NY Slip Op 05997

Decided on November 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Oing, Pitt-Burke, Higgitt, JJ. 

Index No. 807291/21E Appeal No. 1065 Case No. 2023-00711 

[*1]Regina Trofimova etc., et al., Plaintiffs-Respondents,
v
Seniorcare Emergency Medical Services, Inc., Defendant-Appellant.

Kaufman Borgeest & Ryan LLP, Valhalla (Jacqueline Mandell of counsel), for appellant.
Shakhnevich Law Group, PC, Brooklyn (Andrei A. Popescu of counsel), for respondents.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered January 30, 2023, which denied defendant Seniorcare Emergency Medical Services, Inc.'s motion pursuant to CPLR 214-a, 3211(a)(5), 3211(a)(7), and EPTL 5-4.1 to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Contrary to plaintiffs' contention, the allegations in the complaint sound in medical malpractice rather than ordinary negligence. Plaintiffs seek to hold defendant liable for its failure to provide decedent with an advance life support (ALS) ambulance after being advised that decedent was suffering from shortness of breath. The type of ambulance provided by defendant "bears a substantial relationship to the rendition of medical treatment," and thus plaintiffs' claims must be viewed within a medical malpractice framework (Scott v Uljanov, 74 NY2d 673, 675 [1989]; see Xenias v Mount Sinai Health Sys. Inc. (191 AD3d 454 [1st Dept 2021], lv denied 37 NY3d 904 [2021]). The dispatcher would need to understand the significance of "shortness of breath," have specialized knowledge of the equipment or devices that could treat or care for the possible conditions arising from this symptom and be familiar with accepted practice in providing an ALS ambulance (seeXenias, supra; see also B.F. v Reproductive Medicine Assoc. of N.Y., LLP, 136 AD3d 73, 80 [1st Dept 2015]).
Since plaintiffs' claims sound in medical malpractice, the two-and-a-half-year statute of limitations applies (see CPLR 214-a), which, it is undisputed, expired before plaintiffs commenced the action, even taking into account the COVID toll. We also note that the wrongful death claim is properly dismissed as time barred since the complaint was not filed within two years of decedent's death (see EPTL 5-4.1).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2023