Fallon v Five Star Mgt. Servs., LLC (2024 NY Slip Op 01399)

Fallon v Five Star Mgt. Servs., LLC

2024 NY Slip Op 01399

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, AND KEANE, JJ.

73 CA 22-01765

[*1]ROBERT FALLON, PLAINTIFF-APPELLANT,
v
FIVE STAR MANAGEMENT SERVICES, LLC, NOW KNOWN AS JEMILEE, LLC, ET AL., DEFENDANTS, ASP UC SUPPORT LLC, NY URGENT CARE PRACTICE, P.C., NOW KNOWN AS WELLNOW URGENT CARE, P.C., AND NY PRIMARY CARE PRACTICE, P.C., DEFENDANTS-RESPONDENTS. 

SEGAR & SCIORTINO, ROCHESTER (ERIN F. BOARDMAN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Monroe County (Craig J. Doran, J.), entered May 25, 2022. The order granted the motion of defendants ASP UC Support LLC, NY Urgent Care Practice, P.C., now known as WellNow Urgent Care, P.C., and NY Primary Care Practice, P.C., for summary judgment and dismissed the complaint against those defendants. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action for injuries sustained during a spirometry test, which is used to measure a person's lung volume and air flow, performed at defendant NY Urgent Care Practice, P.C., now known as WellNow Urgent Care, P.C. During the administration of the test, plaintiff fainted, causing him to fall and injure, inter alia, his neck and jaw. Defendants-respondents (defendants) moved for summary judgment dismissing the complaint against them as untimely, maintaining that the action sounded in medical malpractice and was barred by the applicable statute of limitations (see CPLR 214-a). Supreme Court granted the motion. Plaintiff appeals, and we affirm.
Contrary to the contention of plaintiff, the court properly concluded that plaintiff's claim sounds in medical malpractice rather than ordinary negligence. The Court of Appeals has said that the "distinction between medical malpractice and negligence is a subtle one, for medical malpractice is but a species of negligence and 'no rigid analytical line separates the two' " (Weiner v Lenox Hill Hosp., 88 NY2d 784, 787 [1996], quoting Scott v Uljanov, 74 NY2d 673, 674 [1989]). Thus, "a claim sounds in medical malpractice when the challenged conduct 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician' . . . By contrast, when 'the gravamen of the complaint is not negligence in furnishing medical treatment to a patient, but the failure in fulfilling a different duty,' the claim sounds in negligence" (id. at 788). Stated another way, "[t]he distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of common everyday experience of the trier of the facts" (Wulbrecht v Jehle, 92 AD3d 1213, 1215 [4th Dept 2012] [internal quotation marks omitted]).
In support of the motion, defendants submitted plaintiff's complaint, which alleged that defendants were negligent in failing to, among other things, prevent plaintiff from falling during the administration of the spirometry test. Defendants further submitted plaintiff's deposition [*2]testimony, in which he stated that defendants' employee administered the test while plaintiff was standing and that it was after the employee directed plaintiff to repeat his breathing at a harder rate when plaintiff fainted. Defendants also submitted the affirmation of their expert, who opined that the allegations of negligence are directly and wholly linked to the administration of the spirometry test performed by defendants. Specifically, he concluded that decisions concerning the manner in which the test is performed, including whether to have the patient seated or standing, require a degree of medical skill not ordinarily possessed by lay persons. Thus, defendants met their initial burden of establishing that the allegedly negligent conduct "constituted an integral part of the process of rendering medical treatment" to plaintiff and therefore must be characterized as malpractice (Scott, 74 NY2d at 675; cf. Weiner, 88 NY2d at 787-788; see also Smee v Sisters of Charity Hosp. of Buffalo, 210 AD2d 966, 967 [4th Dept 1994]), and plaintiff failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Therefore, we conclude that the court properly determined that the action was subject to the medical malpractice statute of limitations and was untimely (see generally CPLR 214-a).
We have considered plaintiff's remaining contention and conclude that it lacks merit.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court