| AIG Prop. Cas. Co. v Estate of Merow |
| --- |
| 2025 NY Slip Op 31195(U) |
| April 9, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 156740/2019 |
| Judge: Leslie A. Stroth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. LESLIE A. STROTH** | PART **12M** |
| *Justice* | |

-------------------------------------------------------------------X

AIG PROPERTY CASUALTY COMPANY A/S/O WILBUR
ROSS, LORETTA GLUCKSMAN, GEORGE LITTLE II AND
HENRY KISSINGER, PACIFIC INDEMNITY COMPANY
A/S/O THE MEROW ESTATES,

Plaintiff,

- v -

THE ESTATE OF MARY ALYCE MEROW A/K/A MARY
MEROW, THE ESTATE OF JOHN E. MEROW A/K/A JOHN
MEROW, PRIVATUS CARE SOLUTIONS, INC.,

Defendant.

-------------------------------------------------------------------X

THE ESTATE OF MARY ALYCE MEROW A/K/A MARY
MEROW, THE ESTATE OF JOHN E. MEROW A/K/A JOHN
MEROW

Plaintiff,

-against-

PRIVATUS CARE SOLUTIONS, INC.

Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156740/2019 |
| MOTION DATE | 12/03/2024 |
| MOTION SEQ. NO. | 008 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No. 595886/2019

The following e-filed documents, listed by NYSCEF document number (Motion 008) 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 262, 263, 264, 265, 266, 267, 272, 274, 275, 276, 277

were read on this motion to/for _____DISCOVERY_____.

Plaintiffs commenced this action against defendants The Estate of Mary Alyce Merow,

The Estate of John E. Merow, and Privatus Care Solutions, Inc., claiming that on January 12,

2018, a fire started in the Merow premises, "caused solely by the reason of negligence,

carelessness and/or recklessness of Mary Merow and John Merow and/or their agents,

**156740/2019  AIG PROPERTY CASUALTY vs. ESTATE OF MARY ALYCE**
**Motion No. 008**

Page 1 of 6

[* 1]

representatives, employees and/or servants, including, but not limited to the negligent and improper use of smoking material in the Merow Premises" (Complaint, ¶13). Thereafter, defendants filed a third-party complaint against Privatus, a home health agency that provided home health aide services to Mary Merow and John Merow, alleging that the fire was "solely as the result of the negligence, carelessness and/or recklessness of Privatus, its agents, servants and/or employees" (Third-Party Complaint, ¶64).

Privatus avers that Mrs. Merow was a cigarette smoker and continuously smoked in her home despite Privatus' attempts to encourage fire-safe smoking practices and smoking reduction/cessation, and that Mrs. Merow carelessly discarded her cigarettes, causing a deadly fire that resulted in her and her husband's death, as well as and property damage to other residences in the building.

Defendant Privatus Care Solutions moves here, pursuant to CPLR §3012(a), to compel plaintiffs, intervenor-plaintiffs, third-party plaintiffs, et al., to file a certificate of merit in order to maintain the action under CPLR §3012-a, and to file a Notice of Medical Malpractice pursuant to CPLR §3406. Privatus argues that in alleging that Privatus failed to supervise Mrs. Merow, plaintiffs claim that Privatus committed medical malpractice, and that the allegations concern whether Privatus provided the properly credentialed and certified nurses, nursing staff, and aides, to supervise Mrs. Merow. Privatus further asserts that since an ordinary person does not have knowledge of certified nursing services, or have knowledge required to supervise a patient who smokes indoors, plaintiffs' claims relate to medical malpractice.

Pursuant to CPLR §3012(a): "In any action for medical…malpractice, the complaint shall be accompanied by a certificate, executed by the attorney for the plaintiff, declaring that: (1) the attorney has reviewed the facts of the case and has consulted with at least one physician in

**156740/2019  AIG PROPERTY CASUALTY vs. ESTATE OF MARY ALYCE**
**Motion No.  008**

Page 2 of 6

2 of 6

[* 2]

medical malpractice actions…who is licensed to practice in this state or any other state and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action…"

"Simple negligence principles are applicable to those cases where the alleged negligent act may be readily determined by the trier of fact based on common knowledge. However, where the directions given or treatment received by the patient is in issue, consideration of the professional skill and judgment of the practitioner or facility is required and the theory of medical malpractice applies" (*Friedmann v. New York Hospital - Cornell Medical Center*, 65 A.D.3d 850 (1st Dept 2009)). "It is settled that a negligent act or omission that constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician constitutes malpractice" (*B.F. v. Reprod. Med. Assocs. of New York, LLP*, 136 A.D.3d 73 (1st Dept 2017)).

"[N]ot every act of negligence toward a patient would be medical malpractice... Thus, a claim sounds in medical malpractice when the challenged conduct constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician. By contrast, when the gravamen of the complaint is not negligence in furnishing medical treatment to a patient . . . the claim sounds in negligence" (*Weiner v. Lenox Hill Hospital*, 88 N.Y.2d 784 (1996)). "The required elements of proof in a medical malpractice action are a deviation or departure from good and accepted standards of medical practice, and evidence that such departure was a proximate cause of the injury" (*Elias v. Bash*, 54 A.D.3d 354 (2nd Dept 2008)).

**156740/2019  AIG PROPERTY CASUALTY vs. ESTATE OF MARY ALYCE**
**Motion No.  008**

**Page 3 of 6**

3 of 6

[* 3]

The Court is denying Privatus' motion in its entirety and does not find this action to be based on medical malpractice. The Court is unpersuaded by Privatus' argument that plaintiffs' allegations that Privatus failed to supervise Mrs. Merow equate to claims that Privatus committed medical malpractice. Privatus relies solely on the following from plaintiff AIG, third-party plaintiffs, and intervenor plaintiff Pacific Indemnity bills of particulars:

> *Defendant Privatus and/or its agents, representatives, employees and/or servants was negligent, careless and/or reckless in failing to ... assign qualified and/or competent certified nurses, certified home health care aids and/or other professionals to monitor and provide personal care for Mary Merow (Exh L, ¶4);
>
> *Privatus "created the condition" due to their lack of supervision of the occupants of the unit" and "otherwise fail[ed] to use due care and proper skill under the circumstances (Exh M, ¶¶ 4 & 5); and
>
> "Privatus failed to properly care for Mrs. Merow..." (Exh N, ¶4).

However, defendant failed to demonstrate any alleged conduct by Privatus that constituted "medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician" (*Pacio v. Franklin Hosp.*, 63 A.D.3d 1130 (2nd Dept 2009)).

Of note, according to the Service Agreement dated July 27, 2018 between Privatus and John Merow for the care and services of Mary Alyce Merow (Exh 1):

> Privatus Care Solutions shall:
>
> A. Perform an initial assessment by a nurse who will develop a plan of care and have it authorized by your Physician or authorized practitioner as required by regulations.
>
> B. Administer the scheduling and services provided by Privatus employees for the Client.
>
> C. Be responsible for payment of wages and other compensation, benefits and taxes for its employees.
>
> D. Ensure compliance with all licensure and filing requirements for Privatus employees including registration and background check.
>
> E. Provide the Client with a weekly accounting of services provided.
>
> F. Provide licensure information and invoices to client for submission to Long Term Care or Catastrophic Insurance policies for reimbursement.

**156740/2019  AIG PROPERTY CASUALTY vs. ESTATE OF MARY ALYCE**                    **Page 4 of 6**
**Motion No.  008**

4 of 6

The Service Agreement does not set forth a requirement that Privatus provide medical care to Mrs. Merow. The claims alleged herein do not involve directions or treatment by the home health aides received by Mrs. Merow that required consideration of the facility's professional skill and judgment.

The deposition of Melissa Hernandez, a Client Coordinator with Privatus, who assigned Victoria Parker Garti, Mrs. Merow's assigned home health aide at the time of the subject fire, testified in her deposition that she gave the following instructions that evening relating to Ms. Garti's care of Mrs. Merow: "Ms. Merow is 85 years old, has some dementia. And she is hard of hearing. And she is a smoker. Must be supervised when smoking to prevent accidents. At this time not able to bear weight on right left/ankle. She has [a] walker, wheelchair, cane. You will be assisting with supervision and incontinence care as well as ADLs" (Exh 2, p 60-61).

The Court also notes the following from plaintiffs' bill of particulars (Exh B, p 4):

[T]he consequent damages to the Plaintiffs' insureds' property was proximately caused by the negligence, negligence per se, gross negligence, carelessness and negligent omissions of the Defendant, his agents, servants, workmen and/or employees in:

a. … failing to properly maintain the premises in a safe fashion as to avoid the risk of an unintended fire causing significant smoke, soot and fire damage;

b. failing to properly and adequately supervise the work performed by PRIVATUS, servants, agents and/or employees who maintained, serviced, inspected premises;

c. failing to properly and adequately instruct its servants and/or employees as to the safe and proper work environment;

d. failing to recognize the obvious hazard presented by the improper maintenance of the premises;

e. retaining incompetent, unlicensed employees, agents, servants, workers, with the requisite skills and abilities to inspect, service, handle and maintain the premises in a safe fashion;

f. failing to properly advise local authorities of the nature, and hazards associated with the premises;

g. failing to take the proper steps to supervise the work performed by PRIVATUS, its employees, servants, workers and/or agents, in a way that would protect the plaintiff's insured's property from significant smoke, soot and fire damage;

h. failing to do those things which were necessary for safety, preservation and protection of the plaintiff's insureds property;

i. otherwise failing to use due care and proper skill under the circumstances.

**156740/2019   AIG PROPERTY CASUALTY vs. ESTATE OF MARY ALYCE**
**Motion No.  008**

Page 5 of 6

The majority of plaintiffs' allegations in the bill of particulars outline negligence by defendants in supervising its employees' work, maintaining the premises and ensuring a safe environment. Pacific Indemnity's bill of particulars noted the following (Exh N, p 2-3):

> Privatus failed to properly care for Mrs. Merow, failed to follow fire safety protocols, including failing to properly sound a fire alarm, failing to properly extinguish the fire, and failing to utilize a fire extinguisher, and failed to provide a safe, protective and suitable environment during the provision of elderly care and home health care aid services. Privatus failed to properly provide training to its employees with regards to basic fire safety responses. Privatus employee Victoria Parker improperly consumed a colonic/colon cleansing product and/or a diuretic prior to beginning her shift, knowing that the consumption of such a product would lead to lengthy periods of time where she would be unable to monitor Mary Merow, a person who Privatus knew was prone to attempt to smoke cigarettes. By doing so, Mary Merow was left unattended with a cigarette ignition source for an unreasonable time. As a direct and proximate result, a fire originated at a couch where Mrs. Merow was situated and spread to cause injury, property damage and death. The fire was then exacerbated by Privatus failure to properly respond and the use of improper techniques to attempt to extinguish the fire. As a direct and proximate result, a fire originated at a couch where Mrs. Merow was situated and spread to cause injury, property damage and death.

Defendants fail to set forth any sort of medical treatment rendered to plaintiff Mary Merow by Privatus and fail to delineate any conduct constituting medical care or medical malpractice for this Court to find that a certificate of merit is required and order that plaintiffs file same. In view of the foregoing, defendant's motion is denied.

Accordingly, it is hereby

ORDERED, that defendant Privatus' motion to compel plaintiffs to file a certificate of merit and notice of medical malpractice is denied in its entirety.

The foregoing constitutes the decision and order of the Court.

| 4/9/2025 | | | | | |
|----------|---|---|---|---|---|
| DATE | | | | HON. LESLIE A. STROTH J.S.C. | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

156740/2019   AIG PROPERTY CASUALTY vs. ESTATE OF MARY ALYCE
Motion No. 008

Page 6 of 6

6 of 6